THOMAS H. HULBERT

*v.*

THE CITY OF CHICAGO.

*Opinion filed December 22, 1904—Rehearing denied Feb. 9, 1905.*

1. SPECIAL ASSESSMENTS—*when the engineer's estimate of cost is sufficiently itemized.* The engineer's estimate of the cost of an improvement to be built by special assessment is sufficiently itemized, so far as the property owners are concerned, if it is sufficiently specific to give them a general idea of the estimated cost of the substantial, component elements of the improvement.

2. SAME—*when resolution adhering to prior resolution is sufficient.* If, on the public hearing, no change is made in the proposed improvement, it being determined to construct the improvement in accordance with the first resolution, all that is required of the board is to pass a resolution adhering to the first resolution in general terms sufficient to identify the proposed improvement.

3. CONSTITUTIONAL LAW—*statute fixing rate of interest on deferred installments is valid.* Sections 42 and 86 of the Local Improvement act, fixing the rate of interest upon deferred installments

of a special assessment, and the bonds issued therefor, at five per cent, is not unconstitutional, as depriving property owners of property without due process of law by precluding the city from negotiating for a lower rate of interest.

4. APPEALS AND ERRORS—*rule where the evidence heard in open court is conflicting.* If the evidence upon the question of benefits in a special assessment case is heard in open court and is conflicting, the finding of the lower court will be upheld unless error is manifest.

APPEAL from the County Court of Cook county; the Hon. L. C. RUTH, Judge, presiding.

GEORGE W. WILBUR, for appellant.

ROBERT REDFIELD, and FRANK JOHNSTON, Jr., (EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county confirming an assessment to defray the cost of paving Drake avenue from Milwaukee avenue to West Fullerton avenue, in the city of Chicago.

It is first objected that the estimate of the cost of the improvement by the engineer is not sufficiently itemized. The estimate of the engineer, omitting the preamble and the engineer's certificate and signature, is as follows:

"<em>Estimate.</em>

| | |
|---|---|
| Granite concrete combined curb and gutter on cinders, 7126 lineal feet at 70 cents | $4,988.20 |
| Paving with asphalt on six inches of Portland cement concrete swept with natural hydraulic cement, 11,349 square yds. at $2.50 | 28,372.50 |
| Adjustment of sewers, catch-basins and man-holes | 1,139.30 |
| Total | $34,500.00" |

Section 7 of the Local Improvement act (Hurd's Stat. 1903, p. 392,) provides that when the board of local improvements shall originate a local improvement to be paid

for by special assessment or special taxation, it shall adopt a resolution describing the proposed improvement, which resolution shall be at once transcribed into the records of the board, and shall fix a time and place for the public consideration thereof, which shall not be less than ten days after the adoption of said resolution, and "shall also cause an estimate of the cost of such improvement  *  *  *  to be made in writing by the engineer of the board  *  *  * over his signature, which shall be itemized to the satisfaction of said board, and which shall be made a part of the record of such resolution," and a five days' notice, by mail, of the public hearing is required to be given to the person who paid the general taxes for the last preceding year on each lot, block, tract or parcel of land fronting on the proposed improvement.

In *Bickerdike* v. *City of Chicago,* 203 Ill. 636, and *Kilgallen* v. *City of Chicago,* 206 id. 557, the proceedings required by said section of the statute are held to be jurisdictional, and that a valid ordinance cannot be passed for a local improvement to be paid for by special assessment or special taxation without a compliance therewith; and in *City of Peoria* v. *Ohl,* 209 Ill. 52, that the engineer's estimate must be itemized, and that the statement by the engineer of the cost of the sidewalk, to be built by special taxation, in gross, was not a compliance with the statute. It was, however, said in *Lanphere* v. *City of Chicago,* 212 Ill. 440, that a substantial compliance with the provisions of the statute is all that is required; and in *Gage* v. *City of Chicago,* 207 Ill. 56, that it is not necessary that the resolution describe the improvement with the same particularity as it is required to be described in the ordinance. We think the estimate of the engineer above set forth as itemized was sufficiently specific to give the property owner a general idea of what it was estimated the substantial component elements of the improvement would cost, and that it is in substantial compliance with the requirements of the statute.

It is next contended that the resolution of the board of local improvements adhering to the proposed improvement was insufficient, which resolution was in the following form:

*"January 14, 1904.*
BOARD OF LOCAL IMPROVEMENTS.

"   *   *   *   A meeting of the board of local improvements was held in room 203 for the purpose of giving public hearing to the property owners interested in sundry proposed improvements, as above set forth, pursuant to resolution heretofore adopted by said board, and in accordance with notices which, on evidence submitted, the board finds have been mailed pursuant to statute, at which hearing for public consideration the following resolutions were adopted, to-wit:

"PROCEEDED WITH:

*"Resolved by the Board of Local Improvements of the City of Chicago,* That the following local improvements be made and adhered to pursuant to prior resolutions heretofore adopted for the same, to-wit:   *   *   *   Paving, asphalt, Drake avenue, from West Fullerton avenue to Milwaukee avenue."   *   *   *

Section 8 of the Local Improvement act provides: "In case any person shall appear to object to the proposed improvement or any of the elements thereof, said board shall adopt a new resolution abandoning the said proposed scheme or adhering thereto, or changing, altering or modifying the extent, nature, kind, character and estimated cost." In this case the improvement was not abandoned, changed, altered or modified, but it was determined at the public hearing to construct the improvement in accordance with the original resolution, therefore all that was required of the board was to pass a resolution adhering to the prior resolution. This was done, and the resolution, we are of the opinion, as adopted by the board was sufficient. Had the board at the public hearing altered, changed or modified the extent, nature, kind, character or estimated cost of the improvement, such modification or alteration should have been described with reasonable certainty in a new resolution.

It is next contended that sections 42 and 86 of the Local Improvement act, in accordance with the terms of which, by the ordinance, the assessment was divided into installments

and bonds to anticipate the payment of the deferred installments were provided for to be issued, is unconstitutional, on the ground that the legislature had no authority to fix the rate of interest which said installments and bonds should bear, at five per cent. No authority has been cited to sustain that position. It is, however, urged that the effect of said sections is to deprive the property owner of his property without due process of law, in this: that the rate of interest on the deferred installments and bonds cannot be fixed at a lower rate by the city than five per cent, and it is said that the city, if untrammeled by the statute, might be able to issue and negotiate the same at a lower rate than that fixed by the statute. We cannot agree with the view of appellant, but are of the opinion the legislature had the right to fix the rate of interest which said deferred installments and bonds, when issued, should bear, and that those sections of the statute are not in conflict with the constitution.

The question of benefits to the property of appellant was submitted to the court, a jury having been waived, and it is urged the property of appellant is assessed too high and for an amount greater than it will be benefited by the improvement. The evidence upon that question was conflicting. The judge before whom the case was tried heard and saw the witnesses, and we are unable to point out wherein his finding of fact was wrong. The rule is, where the evidence was heard in open court and is conflicting, the judgment of the lower court will be affirmed unless it is manifest that error has been committed. *Topliff* v. *City of Chicago,* 196 Ill. 215.

Finding no reversible error in this record the judgment of the county court will be affirmed.

*Judgment affirmed.*