PATRICK DORAN *et al.*

*v.*

THE CITY OF MURPHYSBORO.

*Opinion filed February 21, 1907.*

1. SPECIAL ASSESSMENTS—*what must appear from estimate of cost.* The engineer's estimate of the cost of a proposed improvement should be sufficiently itemized and specific to give the property owners a general idea of what it is estimated will be the cost of the substantial, component elements of the improvement.

2. SAME—*estimate should show of what material the street gutter crossings are to be made.* The engineer's estimate of the cost of a paving improvement should show of what material the street gutter crossings are to be made, as well as the estimated cost thereof, and if the curb is to be laid upon a foundation of other material than the earth, should show the estimated cost of such material.

3. SAME—*when objection to estimate may be raised.* An objection that the engineer's estimate is inaccurate, insufficient and uncertain and the requirements of the statute in regard to the estimate have not been complied with is sufficient to cover the objection that the estimate was not properly itemized, where no motion was made to have the objection to the estimate more specifically point out its defects.

4. SAME—*when court should permit objections to merits to be filed.* After the court has overruled the legal objections to a special

assessment, it should allow objections going to the question of benefits and the proportionate share of the cost of the improvement to be filed, unless a jury trial or further controversy upon those questions has been waived, and its refusal to do so and to allow a jury trial is error.

APPEAL from the County Court of Jackson county; the Hon. W. F. ELLIS, Judge, presiding.

McELVAIN & GLENN, for appellants.

FRED G. BIERER, City Attorney, (R. J. STEPHENS, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Jackson county overruling certain objections of property owners and confirming a special assessment for paving certain streets in the city of Murphysboro with brick, on a five-inch Portland cement concrete foundation, at an estimated cost of $48,091.49. The entire cost was assessed against the property owners.

The ordinance for this improvement was passed May 3, 1906. The petition to levy the assessment was filed in the county court, and thereafter objections to the same. On June 27, 1906, a motion was made by appellee to have the objections made more specific, which was ordered by the court. The hearing of the objections came up several times during the months of July and August. On August 13, and again on August 31, additional objections were filed. None of these objections raised the question as to the property being assessed more than it was benefited or as to the proportionate share of the cost of the improvement. On September 17 the court entered an order overruling objections and confirming the assessment. Appellants on the same day asked leave to file objections to the merits and for trial by jury, but this was denied by the court.

It is contended that the estimate is not sufficiently itemized. That estimate, omitting the heading and conclusion, was in the following form:

"6843 cubic yards excavating and grading, at $0.60..... $4,105.00
18,430 square yards brick paving, at $1.80 per square
    yard ............... ...................  ............... 33,174.00
9283 lineal feet sandstone curbing, at $0.50 per foot set.. 4,641.00
570 lineal feet street gutter crossings, at $6.50.. .′...... 3,705 .00
Court costs, expenses of proceedings and contingent expenses, six per cent .................... ........... 2,885.49

   Total estimated costs ............... ...............$48,091.49"

It will be noted that the estimate says nothing about the foundation upon which the brick is to be laid. The ordinance itself, with the specifications, shows that after proper grading for sub-base has been finished there is to be laid thereon a five-inch Portland cement concrete foundation; that this concrete foundation is to be covered with a two-inch sand cushion, and upon this the brick is to be laid. It has been held by this court that the estimate should be sufficiently itemized and so specific as to give the property owner a general idea of what it was estimated the substantial component elements of the improvement would cost. (*Hulbert* v. *City of Chicago,* 213 Ill. 452; *Connecticut Mutual Life Ins. Co.* v. *City of Chicago,* 217 id. 352.) This estimate is fatally defective in not showing clearly the character and thickness of the foundation placed under the brick. It is well known that the foundation for brick pavement is not always the same. The ordinance requires this concrete to be five inches thick. In recent proceedings before this court from other cities in this State some of the ordinances considered have required a four-inch foundation under brick and others have required one of six inches. Concrete, moreover, is not the only foundation that is or can be used for a brick pavement. Under this estimate the ordinance could provide for any kind of a foundation that it was practicable to use for such pavement. The estimates in *Hulbert* v. *City of Chi-*

*cago, supra,* and *Connecticut Mutual Life Ins. Co.* v. *City of Chicago, supra,* give all of the component parts making up the pavement itself, including the foundation.   This court held in *Bickerdike* v. *City of Chicago,* 203 Ill. 636, that an estimate was fatally defective which did not include a certain comparatively small part of the pavement, namely, "a layer of the best quality of granite screenings to the depth of one-half inch."   From the record before us we are not able to state with certainty whether or not the curb-stone is to be set in the natural earth or is to have a prepared foundation of other material.   If the latter is the case, then, under the decision of this court in *Lyman* v. *Town of Cicero,* 222 Ill. 379, the third item of the estimate is not sufficiently specific, as neither that item nor any other part of the estimate includes, in terms, the cost for such other material.   The fourth item of the estimate does not show of what material the street gutter crossings are to be made, either as to foundation or surface.   In that we think it is fatally defective.

But it is urged that the objectors are in no position to raise the question as to the defective estimate, as none of their objections cover the point.   The objection upon which appellants rely reads as follows:  "The estimate * * * is inaccurate, insufficient and uncertain, and the requirements of the statute in regard to the estimate * * * have not been complied with," etc.   We think this objection is sufficiently specific to raise the question here under discussion. If counsel for appellee had desired to have the objectors more specifically set out the defects in the estimate they might have made a motion to that effect, and then it would have been entirely proper for the court to have so ordered. We do not think appellee was misled in any way by the general nature of this objection.   The estimate in these particulars could not have been corrected at the hearing for confirmation, hence appellee was not injured by the failure to point out in the objections more specifically the defects of the estimate.

It is also contended that the court should have permitted appellants to file objections to the merits after the strictly legal questions had been overruled. It is doubtless the better practice for the property owner to file all objections upon which he relies at the same time,—those which raise the question of the benefits to the property and the proportionate cost of the improvement, as well as those which are to be heard by the court. This we understand to be the usual practice under the Local Improvement act, and may be reasonably inferred from sections 46, 47, 48 and 49 of this act, (Hurd's Stat. 1905, pp. 416, 417,) taken in connection with the rest of the law. But under these sections, together with section 52 of the act, the court undoubtedly, for any good cause shown, may, at any time while the proceedings are pending, before confirmation, allow new and additional objections to be filed, or make any order altering, changing, annulling or modifying the assessment or continuing the hearing, as the court may deem just and equitable to all parties in the proceeding. (*Jones* v. *Town of Lake View,* 151 Ill. 663; *Thompson* v. *City of Highland Park,* 187 id. 265.) The questions as to whether the property is assessed more than it will be benefited or more than its proportionate share of the cost of the improvement are so important that unless the privilege is waived by the property owners they are entitled to a jury trial on these questions. The last part of section 48 provides that when the legal objections have been overruled by the court, "such order shall not be deemed a final disposition of any such questions for the purpose of appeal, unless objectors shall waive further controversy as to the remaining question upon the record." Further controversy was not waived on this record, neither was the trial by jury waived. Ordinarily the trial court, in matters of this kind, should not enter confirmation unless the record clearly states that a jury trial was waived and the cause submitted to the court, or unless, after legal objections are overruled, further controversy on the merits is waived. The evidence to be pre-

sented on the merits,—that is, as to the amount of benefits and proportionate share of the cost of the assessment,—is usually of an entirely different character, requiring different witnesses from those required on the hearing of legal objections. It would frequently be a great hardship, both to the petitioner and the objectors, if the trial court should insist on trying the assessment on its merits immediately after the legal objections were overruled. Until the court rules on the legal objections neither side can tell what witnesses, if any, they will need on the question of the merits. It is the plain intent of the law that legal objections shall be heard separate and apart from the questions as to the amount of benefits and proportionate share of the assessment. We think the court erred in not permitting the objectors to file objections to the merits after it had overruled the legal objections.

We do not deem it necessary to discuss the other questions raised by the briefs in view of our conclusions on the points heretofore considered.

For the errors indicated, the judgment of the county court must be reversed and the cause remanded for further proceedings consistent with the views herein expressed.

*Reversed and remanded.*