THE CITY OF CHICAGO, Appellee, *vs.* HENRY H. GAGE *et al.*
Appellants.

*Opinion filed December 17, 1907—Rehearing denied Feb. 17, 1908.*

1. SPECIAL ASSESSMENTS—*the rule respecting estimate of cost where new assessment is levied.* Under section 57 of the Local Improvement act, where a new assessment is levied for an improvement not yet made the assessment must be based upon an estimate of probable cost, but where the work has been completed under the conditions specified in section 58 of said act no estimate of probable cost nor any recommendation of the board of local improvements is required. (*City of Chicago* v. *Galt,* 225 Ill. 368, followed.)

2. SAME—*when new assessment is authorized under section 58 of Improvement act.* Section 58 of the Local Improvement act authorizes a new assessment where the work has been completed in good faith under a contract duly let pursuant to an ordinance providing that the improvement shall be paid for by special assessment or special tax but such ordinance has been held insufficient for the purpose of the assessment, so that the collection of the assessment has become impossible under such ordinance.

3. SAME—*original estimate of cost has nothing to do with new assessment for completed work.* A new assessment for completed work, levied under section 58 of the Local Improvement act, is based upon the actual and necessary cost of the work, and no question as to the nature of the original estimate of cost, or what it included, is in any way involved.

4. SAME—*effect where original assessment is annulled.* Where a special assessment is annulled by the Supreme Court because the estimate of cost was not made a part of the record of the first resolution of the board of local improvements, such assessment cannot thereafter be validated or made collectible by any proceeding; but the ordinance is not void, and may be made the basis for a new ordinance levying a new assessment to pay for the improvement, which has been completed in good faith.

5. SAME—*proceedings under sections 57 and 58 of the Improvement act are not to enforce original assessment.* The proceedings contemplated by sections 57 and 58 of the Local Improvement act are not for the purpose of enforcing the original assessment, which has been held to be invalid for defects or insufficiencies in the proceedings, but are for the purpose of levying a new, different and independent assessment.

6. SAME—*a judgment annulling original assessment is not res judicata as to new assessment.* A judgment by the Supreme Court

annulling a special assessment because the estimate of cost was not made a part of the record of the first resolution of the board of local improvements is *res judicata* as to the validity of the original assessment but not as to a new assessment to pay for the completed work levied under a new ordinance passed pursuant to the authority of section 58 of the Local Improvement act; but no part of the new assessment can be devoted to paying the costs or expenses of the original assessment.

APPEAL from the County Court of Cook county; the Hon. W. H. HINEBAUGH, Judge, presiding.

F. W. BECKER, for appellants.

GEORGE A. MASON, and FRANK JOHNSTON, JR., (EDWARD J. BRUNDAGE, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On June 29, 1903, the city council of the city of Chicago passed an ordinance for the construction of a sewage pumping station and a system of main sewers in said city, to be paid for by special assessment. A petition for such special assessment was filed in the county court and an assessment was levied, which was confirmed by said court. Property of appellants was included in the assessment, and it was agreed that the judgment against their property should abide the result of an appeal by another objecting owner. That appeal resulted in the reversal of the judgment appealed from, for the reason that the estimate of the cost of the proposed improvement was not made a part of the record of the first resolution of the board of local improvements. (*Clark* v. *City of Chicago,* 209 Ill. 83.) By virtue of the judgment of reversal in that case the assessment against the property of appellants was set aside. On October 23, 1905, the city council passed a supplemental ordinance providing for a supplemental assessment to pay a deficiency in the first assessment. Judgment of confirmation of the supplemental

assessment was refused by the county court, and the city having elected to proceed with the improvement notwithstanding the appeal from the first assessment, and the work having been completed, the city council, on February 18, 1907, passed an ordinance for a new assessment against the property as to which the other assessments had been set aside. The purpose of the new ordinance and assessment was to charge said property with its proportionate share of the actual cost of the completed improvement to the extent to which said property was benefited thereby. Appellants appeared and objected to the new assessment, but their objections were overruled and judgment of confirmation was entered. From that judgment this appeal was taken.

At the hearing in the county court appellants entered their motion to dismiss the petition for the reason that no recommendation of the board of local improvements nor any estimate of the cost of the improvement was attached to the petition or filed in the cause. The court denied the motion, and it is insisted that the court erred, and that the petition should have been dismissed under the provisions of section 57 of the Local Improvement act, which provides that in new assessments like proceedings shall be had as are required in relation to the first assessment. A new assessment under the provisions of that section may be made in place of an original assessment annulled by the city council or board of trustees or set aside by any court, although the improvement has not yet been made, and such an assessment would be based upon an estimate of the cost of the proposed improvement before it is made. Inasmuch as the assessment is to be based upon an estimate of probable cost, the proceedings for the protection of the property owner are required to be of the same character as in the case of a first assessment. Section 58 contemplates and provides for the new assessment specified in section 57 in place of one annulled by the city council or board of trustees or set aside by any court in any case where the work has already been

done under a prior ordinance. The conditions prescribed where the work has been completed are, that such work was done in good faith by the contract duly let and executed pursuant to an ordinance providing that such improvements should be paid for by special assessment or special tax, and that the prior ordinance shall be held insufficient for the purpose of the first assessment or otherwise defective, so that the collection of the assessment therein provided for becomes impossible. In that case a new or special ordinance is to be passed providing for the new assessment, and the ordinance need not be presented by the board of local improvements. In the case of a new assessment for completed work no estimate of probable cost is required nor any recommendation of the board of local improvements. (*City of Chicago* v. *Noonan*, 210 Ill. 18.) The court did not err in overruling the motion to dismiss.

The next proposition of counsel for appellants is, that the supplemental estimate contained items not mentioned in the original estimate or ordinance, and if these items are omitted no deficiency appears, and there is no authority for a new assessment. As already stated, after the work has been done the provision for an estimate of the probable cost of a proposed improvement as a basis for a special assessment does not apply, and no question as to the nature of any estimate, or what it included, is in any way involved. The questions in the case of a new assessment are those we have specified above, together with the extent of benefits conferred on the property assessed. If the assessment is to be based upon an estimate and not upon actual and necessary cost, a compliance with the statute as to the estimate is a condition precedent to a valid assessment, but in the case of completed work the question as to amount relates only to the actual and necessary cost of the work.

It is next contended that the decision in the case of *Clark* v. *City of Chicago, supra,* is *res judicata* of the question here involved, and that the judgment setting aside the original

assessment was equivalent to holding that an essential preliminary step prescribed by the law was omitted, and therefore all subsequent proceedings for assessing appellants' property to pay for the improvement are illegal and invalid. Some reason for confusing this assessment with the original one, which was set aside and held to be illegal, may be found in the frequent repetitions by counsel for appellee of the statement that this proceeding is merely for the purpose of collecting the first assessment levied against the property of appellants from the payment of which they escaped temporarily. The language used by counsel for appellee, and which also appears to some extent in the ordinance, is to the effect that this assessment is merely an enforcement of the original assessment for the purpose of collecting it in a different way. That is a misconception of the situation. The ordinance was passed providing for the improvement and that it should be paid for by special assessment. There was an abortive attempt to levy an assessment based upon a supposed estimate of the probable future cost of the improvement, and that assessment was held to be illegal and was annulled and set aside in the case of *Clark* v. *City of Chicago, supra.* In pursuance of the judgment of this court in that case the assessment against the property of the appellants was set aside, and the county court, following that decision, afterwards refused to confirm a supplemental assessment to make good the deficiency in the original assessment. The ordinance, however, was not void, and being sufficient to give the court jurisdiction, the judgment of confirmation was in full force and effect until reversed and could not have been attacked collaterally.

When the assessment was held to be unauthorized by law and was set aside by the judgment of this court and held for naught, it ceased to have any validity and could not be made the basis for any subsequent proceeding. It would not have been within the power of the legislature to rehabilitate that assessment or make it collectible by virtue of any

proceeding whatever. (*Chicago and Eastern Illinois Railroad Co.* v. *People ex rel.* 219 Ill. 408.) When the original assessment was held to be invalid and was set aside it could not be rendered legal or given vitality by the passage of another ordinance or instituting a new proceeding, but the ordinance providing for the improvement and that it should be paid for by special assessment was not void, and contained the necessary elements to authorize and support a new and different assessment under a new ordinance for the actual cost of the completed improvement.

Counsel for appellants is correct in saying that this court set aside the original assessment for the reason that an essential preliminary step prescribed by the law for the levy of an assessment, based upon an estimate of probable cost before the work was done, was omitted, and that the question so decided is *res judicata,* and the proceeding for the first assessment cannot be made the basis for any charge against the property of appellants. It does not follow, however, that a new assessment may not be levied to pay for the work done in good faith, where the legislature has conferred the power.

The distinction between an assessment based upon an estimate of probable cost and a new assessment for completed work was pointed out in the case of *City of Chicago* v. *Galt,* 225 Ill. 368, and we have nothing to add to what was there said. The new assessment is not based on an estimate of what an improvement will cost but upon what it actually did cost, and the amount of the assessment is measured by the benefit to appellants' property, not exceeding the proportionate share of the cost of the improvement chargeable to it, together with the cost of making and collecting the assessment. No part of the assessment can be devoted to paying the cost or expense connected with the assessment which was set aside, and the proceeding is independent of the former one.

The judgment is affirmed.        *Judgment affirmed.*