THE VILLAGE OF BELLWOOD, Appellant, *vs.* THE LATROBE STEEL AND COUPLER COMPANY *et al.* Appellees.

*Opinion filed December 15, 1908—Rehearing denied Feb. 5, 1909.*

SPECIAL ASSESSMENTS—*an ordinance not published in the proceedings, as required by statute, is void.* An ordinance for a local improvement estimated to cost more than $100,000 must, under section 11 of the Local Improvement act, be published in the proceedings of the city council or board of trustees in the usual way in full, and if the proceedings of the council or board are not published at all the ordinance is void and the county court is without authority to confirm the assessment, even though the ordinance, with the recommendation and estimate, was published.

APPEAL from the County Court of Cook county; the Hon. W. L. POND, Judge, presiding.

TAYLOR & McWILLIAMS, and McCLANAHAN & MARTIN, for appellant.

GEORGE W. BROWN, JOSEPH H. FITCH, THATCHER, GRIFFIN & WRIGHT, and HERRICK, ALLEN, BOYESEN & MARTIN, for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county dismissing a petition of the village of Bellwood, appellant, for the confirmation of a special assess-

ment to pay for the construction of a sewer system in the said village.

The estimated cost of the improvement was $128,596.26, and the ordinance therefore came within the provisions of section 11 of the Local Improvement act, requiring a proposed ordinance involving that amount to be referred to the proper committee and published in the proceedings of the board of trustees in the usual way in full, with the recommendation and estimate, at least one week before any action should be taken thereon by said board of trustees. The proceedings of the board of trustees at the meeting when the ordinance, recommendation and estimate were presented were not published at all, and although the ordinance, with the recommendation and estimate, was published, it was not published in the proceedings. There was no newspaper published in the village, but the ordinance, with the recommendation and estimate, was published in a newspaper in Cook county and copies were posted in three public places in the village. The ordinance alone was published by posting, but not in the proceedings of the board of trustees, which were not published in any manner. One of the necessary steps prescribed by the Local Improvement act for the passage of the ordinance and designed for the protection of property owners was omitted and therefore the ordinance was not legally passed. The board of trustees being prohibited from taking any action upon the proposed ordinance until after publication, as required by the statute, the alleged ordinance did not become an ordinance of the village of Bellwood but was null and void. The county court was without authority to confirm the assessment, (*City of East St. Louis* v. *Davis*, 233 Ill. 553,) and the county court did not err in dismissing the petition.

Inasmuch as there was no ordinance for the improvement, other questions argued by counsel are immaterial.

The judgment of the county court is affirmed.

*Judgment affirmed.*