THE VILLAGE OF ODELL, Appellant, *vs.* THE CHICAGO AND ALTON RAILROAD COMPANY, Appellee.

*Opinion filed December 17, 1913—Rehearing denied Feb. 6, 1914.*

SPECIAL ASSESSMENTS—*what a sufficient compliance with statute requiring new resolution at public hearing.* Where the original resolution for an improvement is modified by resolution at the public hearing and further consideration of the improvement "as modified" is postponed to a future date to which the hearing is adjourned, and thereafter, after several other adjournments, a further modification is made by a resolution describing the change so made and reciting that "the scheme as thus and heretofore modified be adhered to," such resolution is a sufficient compliance with section 8 of the Local Improvement act, concerning the adoption of a new resolution. (*Hulbert* v. *City of Chicago,* 213 Ill. 452, explained.)

APPEAL from the County Court of Livingston county; the Hon. W. C. GRAVES, Judge, presiding.

MORTON T. CULVER, for appellant.

C. C. & LOUIS F. STRAWN, (DAN R. BURKE, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court sustaining a motion of appellee to dismiss appellant's petition for confirmation of a special assessment and to vacate the assessment against appellee's property for want of jurisdiction of the court. Appellee's appearance was limited for the purpose of making the motion. The only objection to the jurisdiction of the court relied upon is that the board of local improvements did not adopt a new resolution at the final public hearing, as required by section 8 of the Local Improvement act.

The original resolution for the improvement was adopted on the 30th day of January, 1913, and described the improvement as the paving of Front street with vitrified brick paving blocks on one and one-half inches of sand and four inches of Portland cement concrete, from the south-west line of Hamilton street to the south-west line of Elk street, and the roadway of the intersecting street extended to the curb line produced on each side of said Front street between the said points, except the right of way of the Bloomington, Pontiac and Joliet Railway Company. February 17, 1913, was appointed for a public hearing. That meeting was adjourned to February 21, when the meeting was again adjourned to March 3, and on that day an adjournment was taken to March 24. At that meeting a resolution was adopted modifying the proposed improvement by eliminating that part of it south-westerly of the north-east line of Elk street, and the further public consideration of the improvement as modified was continued to an adjourned meeting April 17. The modification made was merely the elimination of the street intersection of Elk street with Front street. The record shows no change was made or final action taken at the adjourned meeting of April 17, but the further public consideration of the proposed improvement as modified was adjourned to April 22.

No change or final action was made or taken at that meeting, but the further public consideration of the improvement as previously modified was adjourned to April 28. At that meeting the proposed improvement was further modified by substituting a one-inch sand cushion between the concrete base and the brick in place of one and one-half inches as provided in the original resolution, and also reducing the estimated cost of the brick pavement from $1.60 per square yard to $1.45 per square yard. The resolution concludes, after reciting these modifications, "and that the scheme as thus and heretofore modified be adhered to."

Section 8 of the Local Improvement act requires a time and place to be fixed by the board for a public hearing, and, in part, reads: "In case any person shall appear to object to the proposed improvement or any of the elements thereof, said board shall adopt a new resolution abandoning the said proposed scheme or adhering thereto, or changing, altering or modifying the extent, nature, kind, character and estimated cost," etc.

Appellee contends that the statute quoted made it the duty of the board of local improvements to describe the improvement as modified, in the final resolution; that they failed to do this, and for that reason the assessment was void and the court without jurisdiction to confirm it. In support of this position *Hulbert* v. *City of Chicago,* 213 Ill. 452, is relied upon. In that case there was no change or modification of the improvement at the public hearing, and the final resolution was, that the improvement "be made and adhered to pursuant to prior resolutions heretofore adopted for the same." It was contended by the property owner that this resolution was insufficient under section 8 above referred to, but the court held otherwise, and said that all that was required was the passage of a resolution adhering to the prior resolution. The court said: "This was done, and the resolution, we are of the opinion, as adopted by the board was sufficient. Had the board at the

public hearing altered, changed or modified the extent, nature, kind, character or estimated cost of the improvement, such modification or alteration should have been described with reasonable certainty in a new resolution." There can be no doubt of the soundness of that position. If the board, had modified the proposed improvement at the public hearing without adopting a resolution reciting the modifications it would have been a fraud upon the property owner and a plain violation of their duty under the statute. But the decision in that case is not conclusive of the invalidity of the assessment in this case. The meeting for a public hearing was kept alive by adjournments from time to time, until April 28. The first modification of the proposed improvement was made at the adjourned meeting held March 24, when the intersection of Elk street with Front street was eliminated, which appears from the resolution adopted at that meeting and spread upon the records. The record shows that after that modification was made "the further public consideration of the proposed improvement as modified" was continued to April 17. On that date no final action was taken, but the record shows the meeting was held to consider the improvement described in the original resolution of January 30 "and modified at a meeting of this board March 24, 1913." This meeting was adjourned to April 22. No final action was taken, and the further public consideration of the proposed improvement "as modified at a meeting of this board on the 24th day of March" was adjourned to April 28. April 28 was the final meeting. At that meeting the original resolution was modified by substituting a sand cushion of one inch instead of a sand cushion of one and one-half inches between the concrete and brick and the estimated cost of the brick pavement was reduced from $1.60 per square yard to $1.45 per square yard, and the resolution making these changes recited, "and that the scheme as thus and heretofore modified be adhered to." The only defect that can be claimed to be in this reso-

lution is that it did not recite the modification made at the adjourned meeting March 24, which consisted of the elimination from the proposed improvement of the intersection of Elk street with Front street. The resolution did recite that the improvement as then and theretofore modified would be adhered to. While it failed to set out the modification theretofore made, it informed the property owner that a modification had been made. No doubt it would have taken a little less time and have been slightly less inconvenient to the property owner if the slight modification made previously, which was to the advantage of the property owner, had been recited in the final resolution. He was given notice, however, that such previous modification had been made, and by looking back to the preceding adjourned meeting of April 22 or of April 17 he would have found that the modification was made at the meeting of March 24, and an examination of the record of that meeting would have shown him what the modification was. It might have been better practice to have had all the modifications in the one resolution, and if the final resolution had made no reference to another modification by previous resolution it might have been fatal. The statute is mandatory that a modification at a public hearing of the original resolution must be made by the adoption of a new resolution. The property owner has a right to know the nature and character of the improvement proposed to be made, and changes in it as originally proposed must be made by resolution, for the purpose of giving him this information. We think the resolution here in question was sufficient to give him this knowledge, and it would be "sticking in the bark" to say he might be misled or deprived of any right on account of the resolution. If no other modification had been made than that recited in the resolution adopted at the adjourned meeting March 24 and the final resolution had recited that the improvement as then modified be adhered to, it would have been a substantial compliance with the

statute and not in violation of the rule announced in *Hulbert* v. *City of Chicago, supra.* That case is authority for the proposition that when changes are made in a proposed improvement at a public hearing the modifications must be made by resolution, but it is not authority for the proposition that a reference in the final resolution to a modification made °at a previous session of the public hearing renders the assessment invalid. In *Ogden, Sheldon & Co.* v. *City of Chicago,* 224 Ill. 294, the resolution adopted at the public hearing recited "that the following local improvements be made and adhered to pursuant to prior résolutions heretofore adopted for the same," describing a list of improvements but making no mention of the adoption of sewers, catch-basins, man-holes, curb or gutter or street intersections, which were parts of the proposed improvement. The objection was made that the final resolution was not for the same improvement shown by the original resolution. The court held it identified the improvement in a general way by reference to the previous resolution, and that was sufficient. So here, the property owner was informed of the modification by reference to it in the final resolution. All that is required is a substantial compliance with the statute. (*Lanphere* v. *City of Chicago,* 212 Ill. 440; *Peters* v. *City of Chicago,* 192 id. 437.) The record here shows a substantial compliance with the statute upon the question raised by the objections, and in our opinion the objections should have been overruled.

The judgment of the county court is therefore reversed and the cause remanded, with directions to overrule the motion to dismiss.

*Reversed and remanded, with directions.*