(No. 16566.—Judgment reversed.)
THE CITY OF OTTAWA, Appellee, *vs.* D. C. HULSE,
Appellant.

*Opinion filed April 24, 1925—Rehearing denied June 9, 1925.*

SPECIAL ASSESSMENTS—*when section 33 of Commission Form of Government act applies in adopting ordinance.* The Local Improvement act does not prescribe the manner of considering or passing a local improvement ordinance where the estimate of cost is less than $100,000, and where the city making such an improvement has adopted the commission form of government it must comply with section 33 of the act providing for such government, requiring that the ordinance "shall remain on file with the city or village clerk for public inspection" one week before its final passage or adoption.

APPEAL from the County Court of LaSalle county; the Hon. HARRY RECK, Judge, presiding.

TOM W. SMURR, for appellant.

H. L. RICHOLSON, (RICHOLSON, ARMSTRONG & O'MEARA, of counsel,) for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This appeal is from a judgment of the county court of LaSalle county overruling objections and confirming a special assessment levied to pay the cost of paving a street within the city of Ottawa.

The city of Ottawa has adopted the commission form of municipal government. Section 33 of the act providing for the government of such cities requires that "Every ordinance or resolution appropriating any money or ordering any street improvement * * * shall remain on file with the city or village clerk for public inspection, complete in form in which it is finally passed, at least one week be-

fore the final passage or adoption thereof." Section 5 of the Local Improvement act provides: "No ordinance for any local improvements, to be paid wholly or in part by special assessment or special taxation, shall be considered or passed by the city council * * * unless the same shall first be recommended by the board of local improvements provided for by this act." The record shows that the recommendation of the board was made February 18, 1924, and that the ordinance ordering the improvement was passed on the same day.

Appellant objected to the confirmation of the assessment on the ground that the ordinance is void for the reason that it was not on file with the city clerk for public inspection for one week before its passage. Appellee contends that section 33, quoted above, does not apply to the ordinance in question for the reason that section 60 of the Commission Form of Municipal Government act says: "Nothing contained in this act shall in any way repeal, amend or affect the law pertaining to the making of local improvements under the provisions of" the Local Improvement act.

Where the estimate of cost is less than $100,000, as it is in this case, the Local Improvement act does not prescribe the manner or method of considering or passing an ordinance, nor does it contain any provision which excepts an ordinance ordering an improvement from the general provisions of the acts which do provide the steps to be taken by the city council to legally adopt an ordinance. (*McLean* v. *City of East St. Louis*, 222 Ill. 510.) One of the necessary steps prescribed by the act regulating the passage of ordinances in the city of Ottawa was omitted, and therefore the ordinance was not legally passed. This act was designed for the protection of property owners, and compliance with it is necessary to the validity of an ordinance coming within its terms. The objection challenging the validity of the ordinance should have been sustained.

Since there was no valid ordinance authorizing the improvement, it is unnecessary to consider the other objections made to the confirmation. *Village of Bellwood* v. *Latrobe Steel and Coupler Co.* 238 Ill. 52.

The judgment of the county court is reversed.

*Judgment reversed.*