THE CITY OF OTTAWA, Appellee, *vs.* TOM W. SMURR, Appellant.

*Opinion filed December 23, 1926.*

SPECIAL ASSESSMENTS—*when court should allow filing of objections on question of benefits.* An owner of property should have an opportunity to be heard upon the question of the amount which shall be assessed against his property for a public improvement in accordance with the method provided by law, and the court should permit the filing of objections on the question of benefits where the objector offers to do so instanter upon the overruling of his legal objections, notwithstanding the court has entered an order requiring the filing of both classes of objections at the same time. (*Doran* v. *City of Murphysboro,* 225 Ill. 514, followed.)

APPEAL from the County Court of LaSalle county; the Hon. HARRY RECK, Judge, presiding.

A. E. BUTTERS, for appellant.

RICHOLSON, ARMSTRONG & O'MEARA, (JOHN H. ARMSTRONG, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal from a judgment of the county court of LaSalle county confirming a special assessment for the paving of a part of Superior street, in the city of Ottawa,

together with the roadways of intersecting streets and alleys from the street line of Superior street to the line of the proposed pavement in that street. The appellant filed objections to the confirmation of the assessment on one lot for the reason, among others, that the ordinance did not prescribe the location of the proposed improvement and did not establish the grade thereof. The court overruled his legal objections, and the appellant thereupon moved the court for leave to file objections to the benefits instanter, and stated that he did not waive controversy as to such questions. The motion was denied and an order of confirmation was entered. The appellant contends that the order should be reversed because the ordinance is insufficient in that it fails to establish elevations and grades for all portions of the improvement, and because the court erred in denying him leave to file objections to the benefits on the overruling of his legal objections.

The improvement provided for in the ordinance extends from the east line of Guion street to the east line of Ontario street, and the streets which intersect Superior street in that distance are Division, St. Clair, Erie and Ontario. Section 4 of the ordinance established a curb line on each side of the roadway of Superior street and all intersecting streets, so spaced that the width of the roadway to be improved on Superior street from back of curb to back of curb should be thirty-one feet and on intersecting streets from back of curb to back of curb should be twenty-five feet, the center line of the pavement to coincide with the center line of the streets. Section 20 fixed the elevations and grades of the finished top surface of the pavement and the top surface of the finished curb on each side of the street, and provided that the top surface of the curb should be identical with the grades and elevations stated and should ascend or descend in a straight line between the points of elevation given. All elevations established were given in feet and decimals of a foot above the city of Ottawa datum,

which was defined.  The elevation of the curb at the various points specified is as follows:

|  | North | South |
|---|---|---|
| At east line of Guion street....................... | 48.8 | 48.8 |
| At west curb of Division street..................... | 49.3 | 49.3 |
| At east curb of Division street..................... | 49.3 | 49.3 |
| At a point 200 feet east of east line of Division street | 46.8 | 46.8 |
| At west curb of St. Clair street.................... | 46.0 | 46.0 |
| At the east curb of St. Clair street................. | 47.5 | 47.5 |
| At a point 200 feet east of the east line of St. Clair street . . . .................................... | 47.0 | 47.0 |
| At the west curb of Erie street..................... | 47.0 | 47.0 |
| At the east curb of Erie street..................... | 46.9 | 46.9 |
| At a point 10 feet east of the east line of Erie street. | 46.8 | 46.8 |
| At a point 60 feet east of the east line of Erie street. | 46.2 | 46.2 |
| At a point 110 feet east of the east line of Erie street | 45.5 | 45.5 |
| At a point 210 feet east of the east line of Erie street | 43.4 | 43.4 |
| At the west curb line of Ontario street............. | 38.6 | 38.6 |
| At the east curb line of Ontario street............. | 38.4 | 38.4 |

Superior street is eighty feet wide.  The pavement, four blocks in length, is thirty feet wide between curbs.  The pavement of that part of Superior street which is within the intersections of crossing streets therefore extends north and south on each side of the longitudinal pavement in the center of that street twenty-five feet and is twenty-four feet wide between curbs.  The grades in the ordinance fix the grades not only of the top surface of the curb extending from Guion street to Ontario street, but of the curbs of the intersecting streets.  The elevation of the top surface of the curb at the west and at the east curb of each intersecting street is definitely fixed with reference to the city datum.  Thus, the elevation at the west curb of Division street on the north is 49.3 and on the south the same, and so of each of the curbs of each of the other streets, and the streets therefore cross Superior street on a level grade.  The fixing of the elevation of the curbs on the streets crossed necessarily fixes the elevation of the curb on the north and south sides of the Superior street pavement, and, together with the elevations fixed for the curb of the Su-

perior street pavement at various points along its length, fixes the entire grade of that street.

Upon the filing of the petition, on motion of the city for a rule on all persons interested to file objections to the application to confirm the assessment, an order was entered fixing the time and place for filing such objections which contained the provision that legal objections, as well as objections to benefits, should be filed on or before the day fixed. Within this time the appellant filed his legal objections. All of his legal objections were overruled, and thereupon the appellant moved for leave to file instanter objections that the property would not be benefited in the amount assessed against it and that it was assessed more than its proportionate share of the cost of the improvement. This motion was denied, and the appellant declining to waive further controversy as to the amount of benefits received and as to the apportionment of the assessment, moved in arrest of judgment, but this motion was also denied and the court entered judgment confirming the assessment. It is argued that the denial of the right to file objections to the merits after the overruling of the legal objections was error, and the case of *Doran* v. *City of Murphysboro,* 225 Ill. 514, is cited in support of this contention. In that case the owner filed objections, none of which raised any question as to the property being assessed more than it was benefited or more than its proportionate share of the cost of the improvement. Upon the overruling of these objections the appellant asked leave to file objections to the merits and for trial by jury, but the court denied the motion. In *City of Peru* v. *Bartels,* 214 Ill. 515, it was said: "It is not improper to permit additional objections affecting the question of benefits to be filed if the objections are of a proper character, and in some cases, where objections go to the jurisdiction of the court, general objections which amount to an entry of appearance should not be filed until the others are disposed of." It does not appear from the

abstract that any of the appellant's objections went to the jurisdiction of the court or were of such a character that they would have been waived by entering a general appearance. In *Doran* v. *City of Murphysboro, supra,* it was said that the better practice was to file all objections at the same time, those which raise the question of benefits and of the proportionate cost of the improvement as well as those which are to be heard by the court; that this practice might be inferred from sections 46, 47, 48 and 49 of the Local Improvement act taken in connection with the rest of the law; but it was held that under these sections, together with section 52 of the act, the court undoubtedly, for any good cause shown, might at any time before confirmation allow new objections to be filed and make any order changing, annulling or modifying the assessment, or continuing the hearing, as might be just and equitable. The court, after referring to the requirement that the order overruling the legal objections should not be deemed a final disposition of the legal objections for the purpose of appeal unless objectors should waive further controversy as to the remaining questions upon the record, and stating that the court ordinarily should not enter confirmation unless the record clearly states that a jury trial is waived and the cause submitted to the court, or unless, after legal objections are overruled, further controversy on the merits is waived, held that it was error not to permit the objections to the merits to be filed after the overruling of the legal objections. The entry of the order requiring all objections to be filed at the same time does not affect the question. Under the statute the time for filing objections is the time mentioned in the notice, and no objections may be filed later except by leave of court. The order of the court did not change this situation and the reasoning in the *Doran case* applies to it. The appellant was not in default at any time. The objections which he asked to file could not have been tried earlier if they had been filed.

324—5

It is important to an owner of property that he should have an opportunity to be heard upon the question of the amount which shall be assessed against his property for a public improvement in accordance with the method provided by law, and, following the views expressed in the *Doran case,* it was an abuse of discretion for the court to refuse to allow the filing of the objections and a trial on the question of benefits and proportionate cost of the improvement.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*