(No. 17730.—

THE CITY OF OTTAWA, Appellee, *vs.* D. C. HULSE, Appellant.

*Opinion filed October 25, 1928—Rehearing denied Dec. 5, 1928.*

Tom W. Smurr, for appellant.

Richolson, Armstrong & O'Meara, (John H. Armstrong, of counsel,) for appellee.

Mr. Commissioner Crow reported this opinion:

This appeal is prosecuted by defendant from a judgment of the county court of LaSalle county confirming a special assessment for a paving improvement in the city of Ottawa. The ordinance at bar provides, and two former improvement ordinances of February 18, 1924, and July 8, 1925, each provided, for the paving of Adams street, a north and south street, from a line 150 feet north of the north line of Houston street to the south line of Glover street, and also for paving Houston, Center and Glover streets, east and west streets, from Marcy street westward to the east line of the Adams street pavement and from the west line of the Adams street pavement to the west line of Adams street. Each of the streets ordered improved is 60 feet in width, the improvement consisting of reinforced cement concrete pavement seven inches in thickness, with integral curb, to be 25 feet in width measured from back of curb to back of curb. The ordinance was enacted February 17, 1926, and was attached to and filed with the petition for the confirmation of the assessment on March 20, 1926. On the presentation of the petition, and upon motion of appellee, the court entered a rule fixing the day and time for the hearing thereon and ordered that legal objections, as well as objections to the benefits, be filed on or

before that day. Within that time appellant filed legal objections to the confirmation of the assessment, among others, that the estimate on which the assessment herein is based was knowingly and willfully made excessive and included the cost of work already done; that the ordinance did not prescribe the location of the proposed improvement and did not establish the grade thereof; that the city was without power to provide for the construction of the improvement or to levy an assessment to pay the cost thereof, for that on February 18, 1924, it had provided by ordinance for said grading and curbing, the cost of the improvement to be paid by special assessment; that the assessment was levied and on October 22, 1924, was confirmed by the county court; that a contract had been entered into by the city for the construction of the improvement and that a portion of it had been constructed under the contract; that bonds had been issued in payment therefor, and the city had entered upon the actual collection of the assessment. All legal objections were overruled, and appellant moved the court for leave to file instanter objections to benefits, and stated that he did not waive controversy as to such questions, which motion was denied. Motions for a new trial and in arrest of judgment were filed and denied, and the judgment complained of was entered.

On the hearing on legal objections appellant introduced in evidence an ordinance dated February 18, 1924, providing for the construction of a reinforced concrete pavement with integral concrete curb, the termini of such improvement being identical with the termini of the present improvement. It provided that the cost of the improvement should be paid by special assessment. He introduced the petition for the construction of the improvement filed in the county court April 24, 1924; the estimated cost thereof, which was the same in amount as the estimated cost of the present improvement; the judgment of the county court entered October 22, 1924, confirming the assessment to pay

the cost of the improvement provided for by the ordinance of February 18, 1924; the contract entered into November 22, 1924, between appellee and the Western Construction Company for the construction of the improvement; the certificate of the public engineer of appellee, dated April 1, 1925, certifying that at that time the Western Construction Company had completed 1740 cubic yards of grading work on the improvement provided for in the ordinance of February 18.

The present proceeding is the third commenced by the city for the improvement by constructing a cement pavement with integral curb. It is not a proceeding to pay the cost of the improvement provided for in the ordinance of February 18, 1924, but a new proceeding for the construction of the improvement provided for in the ordinance. The second proceeding did not go to confirmation, but after it had been filed in the county court it was dismissed by the city. A warrant had been issued by the clerk of the county court for the collection of the assessment confirmed October 22, 1924, and the assessment roll confirmed was certified to the city collector, who gave the notices required by statute for the collection of the assessment. Certain property owners paid the amount of their assessments in full to the collector pursuant to the notices. These payments were refunded by the city. The first of the three proceedings was inaugurated January 30, 1924, by resolution of the board of local improvements, the second was inaugurated June 17, 1925, and the proceeding at bar was inaugurated January 27, 1926. An order was entered by the county court October 14, 1925, by consent of the contractor, vacating and setting aside the judgment entered October 22, 1924, confirming the assessment levied to pay the cost of the first of the three improvements. On motion of petitioner the proceeding based on the second ordinance for the pavement of the district was dismissed January 22, 1925, no work having been done under it. On

January 20, 1925, the council enacted an ordinance repealing the ordinance of February 18, 1924, and of July 8, 1925, for the second improvement. Appellant perfected an appeal from the judgment of confirmation entered October 22, 1924, and the city determined to proceed with the work notwithstanding the appeal, and let the contract for the construction of the work to the Western Construction Company on November 22, 1924.

Appellant contends that the proceeding for the special assessment now considered is void because (1) there had been a previous proceeding by which a special assessment for the same improvement was ordained; (2) that the present assessment is illegal and excessive; (3) that the ordinance fails to establish elevations and grades for all portions of the improvement; and (4) the court improperly denied the motion of appellant to file instanter objections to the benefits after overruling legal objections.

The third and fourth contentions were before the court in *City of Ottawa* v. *Smurr*, 324 Ill. 61. The matter of the third contention was there decided as now contended in the briefs of appellee. That case was decided since this was taken. The data are not the same as those in the previous proceeding, but they afford the necessary information to meet the requirements of the law as laid down in that case. An examination of the data contained in the abstract discloses that the elevations and grades of the improvement were sufficiently stated in the ordinance. It is not necessary to state in detail the grade of every intersecting street to be improved. It is sufficient if the ordinance fixes the grade of the improvement in such a manner that the elevation of the curb and pavement reasonably appears from a consideration of the ordinance as a whole. (*City of Carlinville* v. *McClure*, 156 Ill. 492; *Connecticut Life Ins. Co.* v. *City of Chicago*, 217 id. 352; *Gage* v. *City of Chicago*, 225 id. 135.) It is deemed unnecessary to review the record. The ordinance was sufficient in this respect. The

fourth contention was sustained in the *Smurr case,* and for the reasons there stated it was error to deny the right to file the objections offered in this case. Appellant here, as in that case, declined to waive further controversy as to the amount of benefits and as to the apportionment of the assessment. He moved in arrest of judgment, the motion was denied, and judgment was entered confirming the assessment.

After the judgment of the county court was rendered overruling objections and confirming the assessment under the ordinance of February 18, 1924, and an appeal to this court was perfected, the contract for the improvement was let. Shortly thereafter, April 24, 1925, the judgment was rendered reversing that of the county court without remandment and holding the ordinance void. (*City of Ottawa* v. *Hulse,* 317 Ill. 276.) Thereupon the city and the contractor elected to abandon the construction of the improvement under that ordinance. No further work was done under the contract, though some grading, constituting no substantial part of the work, had been previously done. On July 8, 1925, after petition for rehearing was denied by this court, the city adopted a new ordinance for the construction of the improvement. On October 2, 1925, a petition was filed by the city to levy an assessment to pay the cost of the improvement. An assessment roll was made and application for its confirmation filed. At the hearing, on objections filed, the city entered a motion to dismiss the petition, and it was dismissed. After those applications had been dismissed the city passed an ordinance on January 20, 1926, repealing all previous ordinances. On February 17, 1926, the city passed the ordinance upon which the present proceedings are based. From that time all proceedings were conducted as if the former had not been had.

The contention of appellant is that an ordinance for the improvement having been originally adopted, a contract let for the construction of the first improvement, a portion

thereof completed and bonds issued thereunder against the assessment to pay for the work, the only remedy of the city is to make a new assessment; that "the remedy by way of new assessment is both complete and exclusive." It is true, as appellant says, this court has decided that the Local Improvement act is a complete code governing the making of local improvements by special assessment on property benefited. (*Gage* v. *City of Chicago,* 216 Ill. 107.) It was upon this insistence of appellant when the case was first in this court that the ordinance authorizing the improvement upon the estimates made was held to be void because in its passage the requirements of the Commission Form of Government act had not been observed. The void ordinance could not be made the basis for resistance to subsequent proceedings carried on in accordance with the views of the court. The judgment of reversal was binding on the city. The defect did not reach further than the manner of passage of the ordinance. Sections 57 and 58 of the Local Improvement act expressly authorize a new, as distinguished from a supplemental, assessment where an assessment is set aside by any court or declared invalid or void for any reason or annulled by the city council. The judgment confirming the assessment in that case having been reversed, the city had the right, independently of the jurisdictional defect, to vacate all previous proceedings under it, make a new estimate, pass a new ordinance and institute a new proceeding, as it did, for the construction of the improvement. (*City of Chicago* v. *Gage,* 232 Ill. 169.) That course was approved and the statute so construed in *Gorton* v. *City of Chicago,* 201 Ill. 534. The decision in *City of Chicago* v. *Nodeck,* 202 Ill. 257, cited by appellant, does not militate against the proceeding in this case.

Appellant complains that appellee procured an order vacating the judgment of confirmation under the previous proceeding. But he is not interested in that order or in the judgment. He successfully attacked the validity of the

judgment so far as it affected him, and it does not affect his interests in any way. The judgment rendered in *City of Ottawa* v. *Hulse, supra,* was decided upon his contention that the ordinance was void and therefore could not be made the basis of a judgment against any property owner against whose property the assessment was extended. If void it possessed no virtue for any purpose. Its repeal by the city was an empty, even if a prudent, formality. A void ordinance or statute confers no rights and imposes no obligations. What he justly obtained by the judgment of this court was properly conceded by the city to all other interested parties after that decision. By the decision the ordinance which was the basis of the judicial proceeding having been held void, nothing was left to occasion remandment to the county court. The fundamental defect was so vital that there was no occasion for remanding the cause. It afforded an insuperable obstacle to the judgment and to the collection of the assessment.

Appellant contends that the estimate as the basis for the assessment was excessive. It must be borne in mind that the statute advisedly employs the term "estimate." There must be a basis for fixing liability in letting the work of improvement and to advise the owner of property and the city approximately what the cost will be. It is not unusual that a supplemental assessment is necessary because the first estimate was too small. If the estimate is made too low it is certain to cost more than it otherwise would to do the necessary work and carry through the necessary details to assess the deficiency against the property under a supplemental or additional assessment, which extra expense will have to be paid by property owners, and this should be avoided as far as possible. While, after the work is completed, the actual cost should be much more nearly and easily approximated than before the work is done, yet until all the proceedings, original and supplemental, are completed and the assessments collected it is usually impossible to es-

timate with absolute accuracy just what the various expenses will be, including interest and the cost of the proceedings. (*Village of Winnetka* v. *Taylor,* 301 Ill. 147.) The statute requires only that the estimate be itemized to the satisfaction of the board of local improvements, and it is sufficient, so far as property owners are concerned, if the estimate is so specific as to give a general idea of the cost of each of the substantial, component elements of the improvement. (*Village of Ladd* v. *Chicago, Ottawa and Peoria Railway Co.* 283 Ill. 260.) The estimates give the owners of the property the approximate cost of the improvement and of its component elements. That is all the law required. If too much, it will be refunded; if too small, extra costs will be imposed on the owners by other proceedings for an additional assessment.

The city proceeded in strict conformity with the requirements of sections 57 and 58 of the Local Improvement act after the reversal of the previous judgment. Work had been done under the void proceeding, and it was the duty of the city to pass the ordinance providing for the construction and payment therefor of all improvements made or that should be made. That is a plain requirement of the act under which the city was proceeding. The objections urged thereto are without merit.

No error appears in the record justifying a reversal except the refusal of the county court to permit appellant to file objections to benefits. For that error the judgment of the county court is reversed and the cause remanded.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Crow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded.*