City of Zion, Appellee, v. Christian Catholic Church in Zion and Wilbur Glenn Voliva, Appellants.

Gen. No. 9,088.

450

Opinion filed September 3, 1936. Rehearing denied October 6, 1936.

J. A. Miller, of Waukegan, and Joseph L. Bishop, of Zion, for appellants.

L. Eric Carey, of Zion, and Heth & Lister, of Chicago, for appellee; William Lister, of counsel.

Mr. Presiding Justice Huffman delivered the opinion of the court.

This was an action by appellee to cancel and have declared void a certain lease upon two lots located in the city of Zion, said lease having been made by the city council to Wilbur Glenn Voliva, as general overseer of the Christian Catholic Church. Appellee city was under the commission form of government as provided by Article XIII of the Cities and Villages Act, Ill. State Bar Stats. 1935, ch. 24, ¶ 323 *et seq.* (ch. 24, sec. 265, *et seq.*, Smith-Hurd 1935).

It appears by the averments of appellee's complaint and amended complaint that the city was at the time of the making of the lease in question under the commission form of government; that the lease was proposed at the last meeting of the city council, held on April 10, 1935, and consummated at the same meeting. Appellee urges that section 33 of the act, Ill. State Bar Stats. 1935, ch. 24, ¶ 356 (sec. 298, ch. 24, Smith-Hurd 1935), provides that every ordinance or resolution . . . making or authorizing the making of any contract or granting any franchise, right or license to occupy or use the . . . public property or public premises in the city or village for any purpose, shall remain on file with the city or village clerk for public inspection, complete in form in which it is finally passed, at least one week before the final passage or adoption thereof, and that

by virtue of such section the action of the city council in this case was unauthorized by law and the lease void.

The complaint as filed and as amended charges that the meeting at which the proposed lease was submitted and accepted by the contracting parties was the last meeting of the city council as then constituted; that a city election had previously been held on April 2, 1935, at which other persons had been elected as mayor and commissioners; that such newly-constituted city council as soon as it assumed active duties, adopted a resolution directing the mayor to prosecute suit to cancel the lease and have declared void the action of the former council in its attempt to make same. Many other allegations are made in the complaint regarding the relationship between appellant Voliva and the members of the former council, but it is not necessary to take these into consideration in the disposition of this case.

Answers and amended answers were filed by appellants, which upon motion were stricken. Appellants failing to further plead within the rule fixed, were defaulted, and decree entered as prayed, declaring the lease described in the complaint to be null and void and that the same should be removed as a cloud upon the title to such lots. Appellants prosecute this appeal therefrom.

Appellants by their answers admitted the making of the lease agreement on April 10, 1935, as set out in the complaint, denying however that the same was procured by collusion and fraud. It therefore appears from this record that at the final meeting of the city council prior to the new council assuming office, the proposed form of lease agreement was presented by appellants and acted upon by the council contrary to sec. 33 of the act. This section was before the Supreme Court in the case of *City of Ottawa v. Hulse,* 317 Ill. 276. It was there held that the provision of said section requiring any such contract, etc., to remain on file with the city or vil-

lage clerk for public inspection, at least one week before the final passage or adoption, was mandatory and that a compliance with such provision was necessary to the validity of any ordinance or official act of the council coming within its terms. We are of the opinion that what was said in that case is controlling in this case.

Appellants urge that the resolution of the city council directing the mayor and clerk to execute the lease was sufficient and legal, under the holding announced in *People v. City of Chicago*, 363 Ill. 409. We do not consider what was said in that case with respect to a city council's right to authorize the performance of mere ministerial acts by resolution, to apply in the case at bar. The facts in the two cases are entirely different. It was stated in the case of *People v. City of Chicago, supra,* at p. 414 of the opinion, "it is undisputed that the nursery is maintained solely to provide trees and shrubs for the parks and public grounds of the city . . . ." Again on p. 416, it is said, "the power of the city over parks is very broad. The city council has discretion over their size, location, number, equipment and maintenance. Whether the city shall maintain a nursery to supply its parks and public grounds with trees and shrubs or buy them on the open market, is an administrative function, and the courts will not interfere with its exercise in the absence of arbitrary action." It is thus apparent there is nothing in the above case contrary to the rule as announced in *City of Ottawa v. Hulse, supra.*

Since there was no compliance by the city council with sec. 33 of the act on Commission Form of Government, we are of the opinion that the lease is invalid and void. It is therefore unnecessary to consider the other objections raised by appellants.

The decree of the trial court is affirmed.

*Decree affirmed.*