JOSEPH BICKERDIKE *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed June 16, 1903—Rehearing denied October 20, 1903.*

1. SPECIAL ASSESSMENTS—*provision that engineer's estimate shall be made part of record of resolution is mandatory.* The provision of section 7 of the Local Improvement act of 1897, that the engineer's itemized written estimate of the cost of the proposed improvement shall be made a part of the record of the first resolution, is for the information and protection of the property owners, and must be complied with. (*McChesney* v. *Chicago*, 201 Ill. 344, overruled.)

2. SAME—*when provision that engineer's estimate shall be made a part of resolution is not complied with.* Section 7 of the Local Improvement act of 1897, requiring an itemized estimate of cost of a proposed improvement to be made in writing and signed by the engineer of the board, which shall be made a part of the record of the resolution, is not complied with in a resolution stating merely that the engineer had estimated the cost, in gross, at $84,000. (*McChesney* v. *Chicago, supra,* overruled.)

3. SAME—*proceedings prior to adoption of ordinance are jurisdictional.* The proceedings required by statute to be taken before adoption of a special assessment ordinance are jurisdictional, and without them no valid ordinance can be passed nor can a valid assessment be made.

APPEAL from the County Court of Cook county; the Hon. WILLIAM T. HODSON, Judge, presiding.

JOSEPH H. FITCH, for appellants.

WILLIAM M. PINDELL, (CHARLES M. WALKER, and ED-
GAR B. TOLMAN, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from the county court of Cook county
by certain property owners to reverse a judgment con-
firming a special assessment against their property, front-
ing upon Troy, Albany, Whipple, Sacramento, Richmond
and Waveland streets, in the city of Chicago.   Upon the
hearing several objections were presented to the appli-
cation for confirmation, all of which were overruled.
Three of these objections are again urged here as grounds
for reversal of the judgment below.

Counsel for appellants first contends that the engi-
neer's estimate of cost as made by him was not made a
part of the record of the first resolution of the board of
local improvements, and therefore there was a failure to
comply with the requirements of section 7 of the act of
1897, upon which the proceeding is based.   That section
provides, among other things, that the board of local im-
provements shall adopt a resolution describing the pro-
posed improvement, to be at once transcribed into the
record of the board, and by the same resolution fix a day
and hour for the public consideration thereof, and shall
also cause an estimate of the cost of such improvement
to be made in writing by the engineer of the board, over
his signature, which shall be itemized to the satisfaction
of said board and shall be made a part of the record of
such resolution.   In this case no estimate whatever of
the cost of the improvement was made a part of the first
resolution of the board.   That resolution, read by Charles
A. Busby, who was in the employ of the board of local
improvements, was dated March 12, 1902, the material
parts of which are as follows: "Be it resolved by the
board of local improvements of the city of Chicago, that
a local improvement be and is hereby originated, to be

made within the city of Chicago; * * * that the road-ways of a system of streets, as follows, to-wit, * * * and also the roadways of all intersecting streets, * * * be improved by curbing with sandstone curb-stones, filling and paving with eight (8) inches of blast slag, three (3) inches of crushed limestone and three (3) inches of crushed granite, the estimate of the cost of such improvement made by the engineer of said board being $84,000, and that Thursday, the 3d day of April, 1902, at eleven o'clock A. M., in room 203, City Hall, be fixed as the time and place for the public consideration thereof." The same witness, Busby, testified that "at the time of the adoption of this resolution there was on file in the office of the board a written estimate of the cost, made and signed by the engineer. I have that estimate here. The record of the board contains no reference to this estimate, except the resolution I have read." Manifestly, this was not a compliance with the requirement that the estimated cost of the improvement shall be made a part of the record of the resolution, much less an itemized estimate of that cost. All that appears from this resolution as to the estimate of the cost is the statement of the board that the engineer had estimated the cost of the improvement in gross at $84,000. It does not appear that his itemized estimate, or that any estimate whatever by him, was made a part of the record of the resolution.

It is claimed by counsel for the city that all that the property owner is entitled to be informed of, is the character of the improvement, (as, brick, asphalt or macadam,) the extent of the improvement and the cost of the same; that it would be of no possible benefit for him to know the cost of the different materials which constitute the improvement, etc. In support of this position reference is made to section 7, *supra*, and *Givins* v. *City of Chicago*, 186 Ill. 399. Certainly, the language of the statute does not support the contention, nor does the case cited. No such question was involved in that case. The stat-

ute does, in express terms, require the itemized estimate
and that the notices of the public meeting contain the
substance of the resolution adopted by the board "and
the estimate of the cost of the proposed improvement,"
etc.,—not what the board say the estimate was, but the
engineer's report of that estimate; that is, an itemized
estimate as required to be made a part of the record of
the resolution.   These requirements are not merely for
the purpose of enabling the board to act, but are also
for the benefit and protection of the owners of property
to be assessed.  What items are to enter into the improve-
ment, and the cost of each of them, are facts material
to be considered by the property owner in determining
whether he will consent to or oppose the improvement,
and for his protection the requirements of the statute
must be complied with.  (*Clarke* v. *City of Chicago*, 185 Ill.
354; *Bass* v. *City of Chicago*, 195 id. 109.)  In the *Clarke case*
it is said: "Statutes delegating the power to levy taxes
or assessments must be construed strictly.   This power
cannot be rightfully exercised by corporate bodies unless
it is authorized, either in express terms or by necessary
and clear implication.  Authority for its exercise must be
found in statutory grant or requirement.  Where the stat-
ute provides a particular mode for its exercise that mode
must be pursued, and no other can be substituted for it
by the officials who undertake to exercise it.  (*Webster* v.
*People*, 98 Ill. 343.)  The proceeding under the act of June
14, 1897, is a statutory proceeding, and every step pro-
vided by the proceeding prior to the passage of the or-
dinance must be strictly complied with, subject to such
qualification as may be contained in section 9 of the act,"
—citing authorities.  The proceedings prior to the adop-
tion of the ordinance required by the statute are jurisdic-
tional, without which no valid ordinance can be passed
and consequently no valid assessment be made.   The re-
quirement of the statute is plain and reasonable.  Fail-
ure to comply with it cannot be excused.  In so far as

this view is in conflict with *McChesney* v. *City of Chicago*, 201 Ill. 344, that case must be overruled.

The estimate on file with the board, testified to by the witness Busby, is as follows:

Curb-stone, sandstone lin. ft. 28,131, at 65c..............$18,285.15
Filling, cu. yds. 28,050, at 25c............................ 7,012.50
Paving with eight inches of blast furnace slag, three
   inches of crushed limestone, three inches of crushed
   granite, sq. yds. 48,807, at $1.15........................ 56,128.05
Adjustment of sewers, catch-basins and man-holes........ 2,574.30

    Total...............................................$84,000.00

After the adoption of the resolution for the improvement, as above stated, an ordinance was recommended by the board and passed by the city council, as follows: "Upon the several road-beds thus prepared between said points shall be spread a layer of blast furnace slag free from dirt, said layer of slag to be of a depth of eight inches after being thoroughly rolled to an even surface with a steam roller of ten tons weight. Said slag shall be practically uniform in quality and as near cubical in form as possible, and broken so as to pass through a ring of four inches internal diameter, and all the larger pieces shall, as far as practicable, be placed at the bottom of the layer. Upon said layer of slag shall be spread a layer of the best quality of broken limestone. Said limestone shall be crushed to a size so as to pass through a ring of two inches internal diameter. Said layer of limestone shall be of a depth of three inches, after having been rolled with a roller of ten tons weight until solid and unyielding; and upon said layer of broken limestone shall be spread a layer of the best quality of limestone screenings, so as to completely fill all the interstices in the layer of limestone, the said layer of broken limestone and screenings to be covered with a topping of crushed granite, said granite to be crushed to a size so as to pass through a ring of two inches internal diameter, and said layer of crushed granite shall be of a depth of three inches after having been rolled with a roller of ten tons

weight. Upon said layer of crushed granite shall be spread a layer of the best quality of fine, well-screened bank gravel, so as to completely fill all the interstices in the layer of granite, and upon said layer of bank gravel shall be spread a layer of the best quality of granite screenings to the depth of one-half inch."

It will thus be seen that the item in the ordinance, "and upon said layer of bank gravel shall be spread a layer of the best quality of granite screenings to the depth of one-half inch," was not included in the estimate of the engineer nor in the resolution of the board, but was added after the public hearing, and it was objected that for that reason the ordinance was invalid. As the judgment below must be reversed for the reasons above stated, it will not be necessary at this time to pass upon this question.

The ordinance is not subject to the objection that it gives a discretion to the board or its engineer in the use of different sizes of slag, limestone and granite.

For refusing to sustain the first above named objection the judgment of the county court must be reversed and the cause remanded for further proceedings consistent with the views herein expressed.

*Reversed and remanded.*