F. W. Becker

*v.*

The City of Chicago.

*Opinion filed February 17, 1904.*

Special assessments—*what renders ordinance void.* Failure of the board of local improvements to include in the record of its first resolution for the improvement the itemized estimate of cost presented to the board by the engineer, renders the ordinance, based on such resolution, void.

Appeal from the County Court of Cook county; the Hon. Orrin N. Carter, Judge, presiding.

F. W. Becker, *pro se.*

Robert Redfield, (Charles M. Walker, Corporation Counsel, and Edgar B. Tolman, of counsel,) for appellee.

Mr. Justice Ricks delivered the opinion of the court:

The appellant has appealed from a judgment of the county court of Cook county confirming a special assessment levied to defray the cost of constructing a water supply-pipe in Coles avenue between Seventy-third and Seventy-fourth streets, in the city of Chicago. By the appeal but two questions are presented: First, was there such a variance between the first resolution of the board of local improvements and the ordinance as should avoid the ordinance; second, should the South Chicago City Railway Company have been assessed for benefits.

On March 12, 1902, the board of local improvements passed and entered of record a resolution "that a water supply-pipe be constructed and laid in Coles avenue from Seventy-third street to a point two hundred and ten feet north-westerly of the north-westerly line of Seventy-fourth street, the estimate of the cost of such improvement made by the engineer of said board being $725, and that Monday, the 24th day of March, 1902, at eleven

o'clock A. M., in room 203, City Hall, be fixed for the time and place for the public consideration thereof." A public hearing was had on March 24, 1902, and the board determined to adhere to the previous resolution and proceed with the improvement. On May 12, 1902, the board submitted to the city council its recommendation for the improvement and a copy of the estimate of the civil engineer for a six-inch supply-pipe, and the estimate of the cost as submitted to the city council was, for the pipe and the crosses and tees $612, the fire hydrant $35, one valve $18, one hydrant basin $30 and one valve basin $30, making the total estimated cost of $725. Pursuant to the recommendation an ordinance was passed for the laying of the pipe, placing the hydrant and valve and hydrant basin, and on the 29th day of May the petition was filed in the county court of Cook county for the assessment. The superintendent of special assessments was directed to make, and did make, the assessment, assessing the property of the objector and other property but not assessing the South Chicago City Railway Company, which had a double track electric street railway along said street.

It is first contended that the ordinance is void because the resolution of the board of local improvements did not contain any mention of the hydrant and the hydrant and valve basins, and that the record does not show a detailed estimate of the improvement made by the engineer including these items as of the time of the first resolution. If there was a detailed or itemized estimate of the improvement by the engineer and presented to the board of local improvements at the time the first resolution was adopted, it was its duty to include the same in its record of such resolution, and failing to do so renders the ordinance based upon the resolution void. Such was the holding of this court in *Bickerdike* v. *City of Chicago*, 203 Ill. 636, which has been decided since this appeal was prosecuted.

We deem it unnecessary to note further the contentions of appellant or to further consider the case.

The judgment of the county court will be reversed and the cause remanded for such further proceedings as to law and justice may appertain.

*Reversed and remanded.*