GARRETT K. ZIEGLER *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed December 22, 1904.*

1. SPECIAL ASSESSMENTS—*first resolution need not state how improvement is to be paid for.* The law does not require the first resolution for an improvement to state how the improvement is to be paid for in order that a property owner may be advised of the probable cost thereof to him individually.

2. SAME—*engineer's signature to estimate need not be incorporated in record of first resolution.* If the engineer's estimate of cost, itemized to the satisfaction of the board, is incorporated in the record of the first resolution, it is not essential that other parts of the engineer's report, including his signature, be so incorporated.

APPEAL from the County Court of Cook county; the Hon. L. C. RUTH, Judge, presiding.

TAYLOR & MARTIN, for appellants.

ROBERT REDFIELD, and FRANK JOHNSTON, Jr., (EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel,) for appellee.

Mr. CHIEF JUSTICE RICKS delivered the opinion of the court:

This appeal is from the judgment of confirmation of the county court of Cook county of a special assessment levied for the improvement, by curbing, grading, paving, etc., of Champlain avenue from Forty-sixth street to Fiftieth street, in Chicago.

Two grounds for objection are urged, viz.: "(1) The resolution passed by the board of local improvements should specify, in terms, whether the improvement is to be made by special assessment or special taxation or partly by special assessment or partly by special taxation; (2) the estimate which is required to be itemized and made a part of the reso-

lution should be incorporated in the record of the·resolution, over the signature of the engineer of the board of local improvements."

The appellee questions the sufficiency of the objections made in the court below to raise the points here urged. We will not enter into a discussion of them from this point of view, but deem it sufficient to say that we deem them broad enough to cover said matters.

This proceeding was under the Local Improvement act of 1897, and the amendments thereto. (Hurd's Stat. 1903, p. 390.) Section 5 of the act is as ·follows: "No ordinance for any local improvements, to be paid wholly or in part by special assessment or special taxation, shall be considered or passed by the city council or board of trustees of any such city, village or town, unless the same shall first be recommended by the board of local improvements provided for by this act."

Section 7, so far as material to the matters here under consideration, provides: "All ordinances for local improvement to be paid for wholly or in part by special assessment or special taxation, shall originate with the board of local improvements. Petitions for any such public improvement shall be addressed to said board. Said board shall have the power to originate a scheme for any local improvement, to be paid for by special assessment or special tax, either with or without a petition, and in either case shall adopt a resolution describing the proposed improvement, which resolution shall be at once transcribed into the records of the board. Whenever the proposed improvement will require that private property be· taken or damaged, such resolution shall describe the property proposed to be taken for that purpose. Said board shall, by the same resolution, fix a day and hour for the public consideration thereof, which shall not be less than ten days after the adoption of such resolution. Said board shall also cause an estimate of the cost of such improvement  *  *  *  to be made in writing by the engineer,

* * * over his signature, which shall be itemized to the satisfaction of said board, and which shall be made a part of the record of such resolution."

Section 8 provides for the public hearing on three subjects only,—the necessity, the nature and the estimated cost of the proposed improvement,—and then authorizes the board, upon objections to the proposed improvement, to pass a new resolution abandoning the scheme, modifying the same or adhering thereto, and concludes: "Thereupon, if the said proposed improvement be not abandoned, the said board shall cause an ordinance to be prepared therefor, to be submitted to the council or board of trustees. * * * Such ordinance shall prescribe the nature, character, locality and description of such improvement and shall provide whether the same shall be made wholly or in part by special assessment or special taxation of contiguous property; and, if in part only, shall so state."

Section 9 provides for the presentation of the ordinance to the council and the recommendation of the board, and concludes: "The recommendation by said board, shall be *prima facie* evidence that all the preliminary requirements of the law have been complied with, and if a variance be shown on the proceedings in the court, it shall not affect the validity of the proceeding, unless the court shall deem the same willful or substantial."

Section 10 requires that the ordinance and recommendation of the board and an itemized estimate of the cost of the improvement of the engineer, over his signature and certifying that in his opinion the cost of the improvement will not exceed the estimated cost, shall also be transmitted to the council.

The above are all the sections and provisions of the act that could in any manner apply to the questions here presented. We find in no place in these provisions the requirement that the board of local improvements shall include in the first, or any, resolution to be entered by it the statement of

the manner in which the improvement shall be paid for. The requirements of the first resolution are expressly mentioned and specified in section 7, *supra.* Those requirements are, (1) that it shall describe the proposed improvement; (2) if private property is to be taken or damaged it shall describe such property; (3) it shall "fix a day and hour for the public consideration thereof;" (4) and the itemized estimate of the cost of the improvement shall be made a part of the record of such resolution.

It is admitted by appellants that the resolution contains all the foregoing specified matters except the report of the engineer, which, they insist, shall be incorporated at large, including the signature, in the resolution. They admit that the estimate is included in the resolution, but urge that the omission to include the signature is a failure to comply with the statute and is fatal to the proceeding. Appellants also urge that the logic and reason of the law require that the board should state in the resolution whether the improvement is to be paid for by special assessment or special taxation, because the tax-payer has a right to know the cost to him of the improvement, and that as by special taxation the cost would all fall upon the contiguous property and under special assessment it might include property benefited but not contiguous, he cannot estimate the cost to him until he knows the method adopted for adjusting the cost.

To this it might be replied that if the method of special assessment is to be adopted the property owner would not ascertain the cost to him until the assessor has designated the property which he deems benefited by the improvement and the assessment is confirmed by the court; and if special taxation is the method chosen, he could not tell if it is upon the basis of value or proportionate frontage, but might determine the cost to him in the single instance of taxing the whole cost of the improvement to the property opposite to it, which is only one of the three methods authorized to be used in special taxation.

But we think appellants are in error in their contention that the property owner is entitled to be advised, by the first resolution, as to the cost of the improvement to him. The estimate required is as to the cost of the improvement,—not to the individual or any number of them less than the whole,— and on the public hearing he is entitled to object to the cost, the necessity for and the nature of the improvement. By the report of the engineer the property owner is advised of the total estimated cost of the improvement, and by the resolution and the estimate he is advised of the character and kind of materials that enter into the improvement and the estimated cost of each item thereof. Having this before him and objecting to the cost of the improvement, he may show, if he can, that the materials specified in the resolution and contained in the estimate, or either of them, are under the control of a monopoly, and that therefore the cost and the estimate thereof are higher or greater than they should be and than would be the cost of a similar amount of similar material bearing a different name or obtained from a different source, or he may show, if he can, that, taking the location and the purpose of the improvement into consideration, the stage of improvement in the district along which it is to be made, the uses to which it is to be put, taking its cost into consideration, it is unsuited for the purpose and place designated or that the cost of the improvement will exceed the benefits. But, surely, it was not intended that the property owner, by objecting that he was possessed of a single lot along the line of a long improvement and that his lot would not be benefited by and did not need and could not utilize the improvement proposed, could claim that the cost of the improvement would be too great and the improvement for that reason should not be made; and yet such contention would be as reasonable as to contend that at the preliminary hearing the individual owner should be allowed to urge the cost to him as a ground for defeating the improvement. Questions of that character would properly arise when the ques-

213—5

tion of benefits came to be considered. The proceeding being a purely statutory one and the act being treated as valid, the courts are not authorized to read into the act matters which they think ought to be but are not there.

The first time the method of raising the funds for payment of the improvement is required to be provided for or appear in the proceeding is in the ordinance for the improvement. This ordinance must originate with the board of local improvements and be forwarded by it to the council, with its recommendation and the estimate of the engineer. In this case the ordinance complies with the statute, and as the board of local improvements in each step complied with the statute in the matter of time and manner of determining the method of fixing the charge of the cost of the improvement upon the property, it must be sustained.

Nor do we think a reasonable construction of the statute, or the plain reading of it without construction, requires that the entire report of the engineer, including the general remarks and signature, shall be incorporated in the resolution or recorded as a part of it. The particular thing the statute names is the itemized estimate of the cost of the improvement, and we have sustained many cases since *Bickerdike* v. *City of Chicago,* 203 Ill. 636, without more appearing. The resolution states that it contains or is followed by the estimate of the engineer. It is not contended that no estimate was made or that the estimate as made does not correctly appear in the resolution, and if the language of section 7 should be so construed as to hold that the entire report of the engineer should be incorporated in the first resolution, under the saving clause quoted from section 9 of the statute we would be disposed to regard it as but a variance in the record that did not affect the validity of the proceeding and was not willful and substantial, in which case the provision is that it shall not affect the proceeding.

The judgment of the county court is affirmed.

*Judgment affirmed.*