(No. 11013.)
THE CITY OF CHICAGO, Appellee, *vs.* HUGH HULEATT, Appellant.

*Opinion filed December 21, 1916—Rehearing denied Feb. 9; 1917.*

1. SPECIAL ASSESSMENTS—*purpose of public hearing provided for by section 8 of Local Improvement act.* The purpose of the public hearing provided for by section 8 of the Local Improvement act is to enable property owners to determine whether they will consent to or oppose the contemplated improvement or propose modifications therein.

2. SAME—*property owners must be advised of character of improvement and materials to be used.* In order that property owners may form a judgment and act intelligently it is essential that they be advised of the character and kind of the improvement and the materials that will enter into it as well as the estimated cost of each of the substantial component elements. (*City of Chicago v. Underwood,* 258 Ill. 116, explained.)

3. SAME—*preliminary proceedings required by statute are essential to validity of ordinance.* The resolution and estimate, with

the public hearing, constitute the foundation for the passage of an ordinance and an assessment to pay the cost of the improvement, and the preliminary proceedings required by the statute are jurisdictional and essential to the passage of a valid ordinance.

4. SAME—*improvement must originate with the board of local improvements.* By the Local Improvement act an improvement must originate with the board of local improvements, and it is the province of the board to determine the material to be used and the nature, character and kind of the improvement.

5. SAME—*purpose of the engineer's estimate.* The purpose of the engineer's estimate is not to specify the character and kind of improvement but to advise property owners of the probable cost of the improvement, itemizing the probable cost sufficiently to show, separately, the cost of the substantial component elements.

5. SAME—*when assessment should not be confirmed.* If the improvement board's resolution fails to furnish the necessary information as to the nature, character or kind of improvement but the omission is supplied in the engineer's estimate, which is adopted by the board and made a part of the resolution, the end contemplated by the statute is accomplished; but if such information is not furnished by either the resolution or the estimate the assessment should not be confirmed.

APPEAL from the County Court of Cook county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

WENTWORTH, CAVENDER & KAISER, (D. S. WENTWORTH, of counsel,) for appellant.

HARRY F. ATWOOD, WILLIAM E. MASON, OTTO W. ULRICH, and HARRY F. HAMLIN, (SAMUEL A. ETTELSON, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an appeal from the judgment of the county court of Cook county overruling objections and confirming an assessment to pay the cost of a cast-iron water supply-pipe, with necessary castings, fire hydrants and brick valve-basins, in the city of Chicago.

The appellant, whose lands were assessed, objected to the assessment on the ground that the nature, character and description of the proposed improvement were not sufficiently described ,at the public hearing provided for by section 8 of the Local Improvement act, to form a basis for an improvement ordinance or an assessment. The resolution of the board of local improvements purporting to describe the proposed improvement, together with the estimate of cost by the engineer, made a part of the record of the resolution, were in evidence, and the particular objection was that the material and description of fire hydrants, connecting pipes and gate valves were not stated and the dimensions of brick valve-basins were. not specified. The estimate of the engineer contained these items: Nineteen four-inch double-nozzle fire hydrants and six-inch connecting pipes, four of which were estimated at $85 each, fourteen at $80 each and one at $75; five twelve-inch gate valves at $45 each; eight eight-inch gate valves at $25 each; two six-inch gate valves at $25 each; and fifteen brick valve-basins, complete, at $35 each. There was no further description, and prices were different where there was no difference in description.

The purpose of the public hearing provided for by the statute is to enable property owners to determine whether they will consent to or oppose the contemplated improvement, or any of the elements thereof, or propose modifications or changes therein. In order that property owners may form a judgment and act intelligently it is essential that they be advised of the character and kind of the improvement and the materials that will enter into it, as well as the estimated cost of each of the substantial component elements. The resolution and estimate, with the public hearing, constitute the foundation for the passage of an ordinance and an assessment to pay the cost of the improvement, and the preliminary proceedings required by the statute are jurisdictional and essential to the passage of a valid ordi-

nance. (*City of Chicago Heights* v. *Angus,* 267 Ill. 628.)
There has been no deviation in the decisions from these
propositions, but there seems to be some confusion in regard
to the question where and how the particulars required for
the information of property owners must appear.   The view
of counsel for the appellee is that the estimate was sufficient
under the decision in *City of Chicago* v. *Underwood,* 258
Ill. 116, where it was held that the estimate of cost is suf-
ficiently specific if it gives to the property owners a gen-
eral idea of the estimated cost of the substantial component
parts of the improvement.   In that case the court distin-
guished the engineer's estimate of cost from the resolution
of the board of local improvements, but it was not held in
that case or any other that the property owners are not
entitled to be informed of the nature, character and descrip-
tion of the proposed improvement.   By the statute the im-
provement must originate with the board of local improve-
ments, and it is the province of the board to determine the
material and the nature, character and kind of the improve-
ment.   The purpose of the engineer's estimate is to advise
property owners of the probable cost of the improvement
originated by the board of local improvements.   It has no
other purpose, and in the case cited the court said: "It is
no part of the estimating engineer's duty to determine the
character of material that will be necessary for the improve-
ment, but it is his business merely to estimate the cost of
the improvement that is described in the resolution."   That
is plainly true, because the purpose of the estimate is to ad-
vise property owners as to what the improvement will prob-
ably cost, itemizing it sufficiently to show, separately, the
cost of the substantial component elements.   Accordingly it
was held, following *Hulbert* v. *City of Chicago,* 213 Ill.
452, *Connecticut Mutual Life Ins. Co.* v. *City of Chicago,*
217 id. 352, and other cases, that an engineer's estimate of
cost is sufficiently specific if it gives property owners a gen-
eral idea of the cost of the several items of the improve-

ment. It is not the province of an engineer to determine the nature, character or kind of improvement, but if the resolution fails to furnish such information and the estimate of the engineer supplies the omission and is adopted by the board of local improvements and made a part of the resolution, the end contemplated by the statute is accomplished. The resolution and estimate are to be read together, and, as was said in *Ziegler* v. *City of Chicago*, 213 Ill. 61, by the report of the engineer the property owner is advised of the total estimated cost of the improvement, and by the resolution and the estimate he is advised of the nature and character of the improvement and the kind of materials which will enter into it, with the cost of each item. Having this before him, he may consent to the improvement, object to its suitability or that the cost is too great and will exceed the benefits resulting, or may propose modifications or changes. Unless the kind and character of the improvement, with the material to be used, are shown by the resolution the engineer's estimate must show the same. In any event, it must be so specific as to give the property owner a general idea of the cost of the different elements of the improvement. (*Doran* v. *City of Murphysboro*, 225 Ill. 514.) In this case the resolution of the board gave no description whatever of the improvement or of its different parts or of the materials to be used. The resolution was as follows:

"That a cast-iron water supply-pipe, with all necessary special castings, and with fire hydrants, valves and brick valve-basins, be constructed and laid in a system of streets, as follows: The east side of Stony Island avenue from East Eighty-sixth street to East Eighty-seventh street; both sides of East Eighty-seventh street from Stony Island avenue to McFarlane avenue; the east side of McFarlane avenue from East Eighty-sixth street to East Eighty-seventh street, and each of the streets, to-wit, East Eighty-sixth street and East Eighty-sixth place from Stony Island ave-

nue to McFarlane avenue, the estimate of the cost of said improvement as made by the engineer of the board being $12,506."

This was followed by the estimate of cost made by the engineer, in which he stated the cost of different parts of the improvement, but neither the resolution nor estimate contained any sufficient description of those parts of the improvement to which objection was made. Under the resolution and estimate, taken together, any kind of four-inch double-nozzle valves, with any kind of six-inch connecting pipes, or any kind of gate valve of the size mentioned, or any size or depth of brick valve-basins, might be supplied in making the improvement. The information required by the statute was not before the property owners in any form at the public hearing, and the court erred in overruling the objections.

In making out a *prima facie* case it was alleged by the appellee that the original assessment roll was lost, and the court permitted to be filed an alleged copy, together with an affidavit of the superintendent of special assessments that the paper was a correct copy of the original roll, and this was objected to. The estimate of the engineer was dated March 11, 1916, which was the date of the passage of the ordinance, and which showed that there could not have been a public hearing on that estimate. To meet the objection the city was permitted to introduce a resolution of the board of local improvements dated February 25, 1916, an estimate dated February 23, 1916, and proceedings fixing March 10, 1916, as the date for a public hearing. It is contended that the court erred in permitting the copy to be filed without proper proof, and also erred in allowing evidence of the resolution with the estimate and order for the hearing, but these questions will not arise in the future and the objections will not be considered.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*