(No. 13135.—Reversed and remanded.)

THE CITY OF CHICAGO, Appellee, *vs.* THE ILLINOIS MALLEABLE IRON COMPANY *et al.* Appellants.

*Opinion filed April 21, 1920—Rehearing denied June 2, 1920.*

1. SPECIAL ASSESSMENTS—*statutory requirement that resolution of board and engineer's estimate describe improvement is jurisdictional.* The statutory requirement that the "extent, nature, kind, character" and estimated cost of a local improvement must appear from the resolution of the board and the engineer's estimate is for the benefit of the owner whose property is to be assessed, and if the statute is not complied with no valid ordinance can be passed and no valid assessment can be made.

2. SAME—*what is necessary for resolution of board and engineer's estimate to comply with statute.* To comply with the statute requiring the resolution of the board of local improvements and the engineer's estimate to describe the improvement the estimate should be so specific and sufficiently itemized as to give the property owner a general idea of what it is estimated the substantial component elements of the improvement will cost, and the resolution of the board should be sufficiently definite to enable the engineer to make an intelligent estimate.

3. SAME—*when description of combined curb and gutter is insufficient.* A description in the resolution for an improvement and the engineer's estimate calling for a specified number of lineal feet of "granite concrete combined curb and gutter on cinders, gravel or sand," is not sufficiently definite to give the property owners the information to which they are entitled.

APPEAL from the County Court of Cook county; the Hon. S. N. HOOVER, Judge, presiding.

RUDOLPH WOLFNER, and DAVID B. MALONEY, (DANIEL S. WENTWORTH, of counsel,) for appellants.

GEORGE A. CURRAN, and GEORGE P. FOSTER, (SAMUEL A. ETTELSON, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court: .

This appeal is prosecuted to review the judgment of the county court of Cook county overruling legal objections filed by the Illinois Malleable Iron Company and the Northwestern Terra Cotta Company, appellants, and confirming a special assessment against appellants' property for grading, curbing and paving with asphalt North Paulina street from Wrightwood avenue to Wellington avenue, in the city of Chicago.

Appellants contend, first, that neither the resolution of the board of local improvements nor the engineer's estimate of probable cost furnishes the necessary information as to the extent, nature, character and kind of improvement as required by sections 7 and 8 of the Local Improvement act, in that the dimensions and style of the curb and gutter were not stated. It was stipulated upon the trial that the resolution and estimate, so far as they related to the combined curb and gutter, are no more definite in description than the recommendation and estimate attached to the

ordinance, which described it as follows: "Granite concrete combined curb and gutter on cinders, gravel or sand, 5180 lineal feet at $0.95, $4921." The law is well settled that under the Local Improvement act "the extent, nature, kind, character" and estimated cost of such proposed improvement must appear from the resolution of the board and the engineer's estimate. (*City of Chicago* v. *Huleatt,* 276 Ill. 466.) These requirements, and the further requirement that a public hearing must be held, are for the benefit and protection of the owners of property to be assessed. What items are to enter into the improvement and the cost and character of each of them are facts material to be considered by the property owner in determining whether he will consent to or oppose the improvement, and for his protection the requirements of the statute must be observed. These requirements are jurisdictional, and if the authorities do not comply with the statute in carrying out the preliminary steps no valid ordinance can be passed and consequently no valid assessment can be made. (*Bickerdike* v. *City of Chicago,* 203 Ill. 636; *City of Peoria* v. *Ohl,* 209 id. 52.) The estimate should be so specific and sufficiently itemized as to give the property owner a general idea of what it is estimated the substantial component elements of the improvement will cost. (*Doran* v. *City of Murphysboro,* 225 Ill. 514.) The property owner having before him the character and kind of materials that enter into the improvement and the extent and estimated cost of the improvement may at the public hearing object to the improvement, and show, for instance, that the materials specified in the resolution and contained in the estimate, or either of them, are in the control of a monopoly, and that, therefore, the cost and the estimate thereof are higher or greater than they should be and than would be the cost of a similar amount of similar material bearing a different name or obtained from a different source, or he may show, if he can, that, taking the location and the purpose of the

improvement into consideration, the stage of improvement in the district along which it is to be made and the uses to which it is to be put, it is unsuited for the purpose and place designated or that the cost of the improvement will exceed the benefits. Neither the resolution nor the engineer's estimate in this case specifies the width or thickness of the gutter flags, the height or thickness of the curb nor the length of the blocks. Nor can it be determined what will be the style and shape of the combined curb and gutter nor what depth of foundation will be placed under it. A property owner should be able to go away from a public hearing on a local improvement protected with a knowledge of the true extent and character of the improvement and the dimensions and style to be used. A resolution should be sufficiently definite to enable the engineer to make an intelligent estimate of the cost of the proposed improvement. Under the holding of this court in *City of Chicago* v. *Huleatt, supra,* it was error to overrule this objection.

For this error the judgment of confirmation is reversed and the cause is remanded to the county court of Cook county, with directions to dismiss the petition.

*Reversed and remanded, with directions.*