---

(No. 14900.—Reversed and remanded.)
THE CITY OF ALTON, Appellee, *vs.* OTTO ROLLER *et al.*
Appellants.

*Opinion filed December 19, 1922.*

SPECIAL ASSESSMENTS—*when resolution does not sufficiently describe curb and gutter.* A resolution for a paving improvement should specify the width or thickness of the gutter flags, the height or thickness of the curb, the length of the blocks, the style and shape of the combined curb and gutter, and the kind of materials which will be used in its construction. (*City of Chicago* v. *Illinois Malleable Iron Co.* 293 Ill. 109, followed.)

APPEAL from the City Court of Alton; the Hon. J. F. GILLHAM, Judge, presiding.

E. J. VERLIE, for appellants.

WILLIAM WILSON, for appellee.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

This appeal is prosecuted to review the judgment of the city court of the city of Alton overruling legal objections filed by appellants and confirming a special assessment

against appellants' property for grading, curbing and paving certain streets in said city.

Appellants contend, first, that neither the resolution of the board of local improvements nor the engineer's estimate of probable cost furnishes the necessary information as to the extent, nature, character and kind of improvement, as required by sections 7 and 8 of the Local Improvement act, in that the dimensions and style of the curb and gutter and the kind of materials which will enter into its construction are not stated. The resolution provides that there shall be "a combination curb and gutter on each side of said pavement," and gives no further description of the curb and gutter to be used. The engineer's estimate of probable cost specifies: "23,984 lineal feet straight combination curb and gutter at $1.00 per lin. foot, $23,984; 1782 lineal feet circular combination and gutter at $1.25 per lin. foot, $2227.50." In *City of Chicago* v. *Illinois Malleable Iron Co.* 293 Ill. 109, the description was, "granite concrete combined curb and gutter," and this was held insufficient for the reason that it did not specify the width or thickness of the gutter flags, the height or thickness of the curb, nor the length of the blocks, nor the style and shape of the combined curb and gutter. The description in the case at bar is not only insufficient for these reasons, but also because it does not describe the kind of materials which will be used to construct the combination curb and gutter. (*City of Chicago* v. *Huleatt,* 276 Ill. 466.) This objection should have been sustained.

There are other objections presented, but inasmuch as the holding considered requires the dismissal of the petition it is not necessary to give attention to others.

The judgment of confirmation is reversed and the cause is remanded to the city court.     *Reversed and remanded.*