(No. 15593.—Judgment affirmed.)
THE CITY OF OLNEY, Appellee, vs. SAMUEL J. BAKER,
Appellant.

*Opinion filed December 19, 1923.*

1. SPECIAL ASSESSMENTS—*resolution is sufficient if the plans and specifications are made part thereof by reference.* The statute requires that the property owner shall be advised of the kind of improvement, the material to be used and the estimated cost of the component elements, and where the resolution for the improvement adopts by reference the plans, profiles and specifications of the engineer's estimate, properly itemized, the statute is complied with.

2. SAME—*act of commission council "as a board of local improvements" is valid.* Where the council of a city under commission form of government adopts a resolution and ordinance for a local improvement, the fact that it is recited that the council exercised "the powers and duties of a board of local improvements" in performing its acts does not vitiate the action, notwithstanding the statute prior to 1923 abolished the board of local improvements in cities under the commission form of government, as the statute further provided that the council shall have all powers theretofore exercised by the board. (*People* v. *Kaul,* 302 Ill. 317, distinguished.)

3. SAME—*when estimate signed by mayor is sufficient.* Where a city under the commission form of government has not by ordinance created the office of city engineer but in providing for a local improvement has employed a civil engineer to do the necessary surveying and engineering work connected with the particular improvement, the engineer's estimate is sufficient if signed by the mayor, alone.

4. SAME—*when resolution and ordinance may provide for different alternative methods of improvement.* A resolution and ordinance for a paving improvement may provide for different kinds of pavement, to be adopted at the discretion of the city council, where each kind is sufficiently described and the engineer's estimate is the same for either kind of pavement, and bids may be received on the several kinds of paving work so as to bring about a fair and effective competition among bidders for the construction of the improvement contemplated.

APPEAL from the County Court of Richland county; the Hon. JOEL C. FITCH, Judge, presiding.

310—28

JAMES H. SMITH, for appellant.

JOHN LYNCH, for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Richland county overruling objections of appellant to the confirmation of a special assessment for a local improvement and rendering judgment confirming the assessment.

The improvement is called in the briefs the Elliott street improvement in the city of Olney, and the nature of the proposed improvement is the grading, curbing and paving of said street. February 16, 1923, the council adopted the resolution originating the improvement. The resolution reads: "Resolved by the council of the city of Olney, exercising the powers and duties of a board of local improvements, that there be constructed," etc., describing the location and character of the improvement. Accompanying the resolution was a detailed estimate of the cost of making the improvement by four different methods, designated "A," "B," "C" and "D." Method "A" was paving with asphalt, "B" with stone with asphalt filler, "C" asphaltic concrete pavement, and "D" brick pavement. The detailed statement of the cost by either method was the same,—$12,446.80. It was signed by Thomas Tippit, mayor, "exercising the powers and duties of a president of a board of local improvement." The resolution fixed the place and the time for a public hearing on March 3, at 7:30 o'clock, and provided for notices to be sent by mail to persons interested, as required by law. The notices were given and the hearing held at the time and place designated. After everybody had been heard who desired to be heard the council adjourned to meet March 6, and at that meeting it adopted a resolution adhering to the proposed improvement. The resolution recites it was adopted by the council, "exercising the

powers and duties of a board of local improvements," and that the estimated cost of the improvement as presented by the mayor was itemized and prepared to the satisfaction of the council. The resolution directed that an ordinance be prepared for making the improvement in accordance with the resolution and the detailed statement of costs. Detailed plans and specifications for the improvement had been made prior to the adoption of the original resolution, by Allison J. Wharf, a civil engineer employed by the city council to do that work, and the resolution provided that the improvement should be constructed in accordance with the detailed plans and specifications. The ordinance authorizing the improvement was adopted by the council March 13, 1923, and provided that the improvement be constructed by whichever of the four methods should be determined by the council, "exercising the powers and duties of a board of local improvements," after bids had been received. Pursuant to the ordinance a petition was filed in the county court for the levying of a special assessment to construct the improvement. An assessment roll was prepared and filed and notices given of a hearing for confirmation. Appellant objected to the confirmation and filed twenty legal objections.

The objections argued by appellant in his brief are: (1) That the original resolution and estimate of cost do not sufficiently describe the nature, extent and character of the improvement; (2) the original estimate and the estimate accompanying the ordinance are not sufficiently itemized; (3) the resolution for the improvement was not adopted by the city council; (4) the estimate was not signed by the city engineer; (5) the ordinance described four methods of making the improvement, which one of them should be adopted to be determined by the council after the bids had been received.

Under the objection that the resolution and estimate of cost did not describe the nature, kind, character and estimated cost of the improvement, it is said they did not spec-

ify the materials to be used in constructing the curb, catch-basins and inlets and did not specify the dimensions and size of them nor mention the materials of which the catch-basins and inlets should be constructed. The specifications and blue-prints for constructing the work were prepared by a civil engineer employed by the council to do that work and were made and furnished the council before the resolution was adopted. The resolution gives quite a full description of the proposed improvement, including curb and one catch-basin, and provides that "all the several matters herein mentioned to be constructed in accordance with the detailed plans and specifications." The estimate of cost was based on the character and extent of the improvement proposed in the resolution, and the specifications as to the manner and the material to be used in its construction. The specifications and blue-prints as to the dimensions of the curb and catch-basin, the material to be used and the manner of constructing them are too lengthy to quote, but we regard them as full and complete and a compliance with the requirements of the statute.

Appellant relies in support of the above objection on *City of Chicago* v. *Illinois Malleable Iron Co.* 293 Ill. 109, and *City of Chicago* v. *Huleatt,* 276 id. 466. What was decided in the *Huleatt case,* which was followed in the *Illinois Malleable Iron Co. case,* was that the statute requires that the property owner shall be advised of the kind of improvement, the material to be used and the estimated cost of the component elements, and unless the statute is complied with in that respect, so that the property owner is afforded a general idea of the estimated cost of the substantial component parts of the improvement, an assessment should not be confirmed. It was further held in that case that if the resolution failed to furnish the information required, and the engineer's estimate was adopted by the board of local improvements and made part of the resolution and supplied the omission, the requirement of the

statute was met. In the case now under consideration, the resolution, after describing the proposed improvement with considerable detail, expressly provided the improvement was to be constructed in accordance with the detailed plans and specifications which the council had caused to be prepared. It was not necessary to copy the profiles, plans and specifications in the resolution. They were made part of it by reference and as effectually informed the property owners of the details of the construction of the improvement and the materials to be used as if re-copied in the resolution. The object and purpose of the statute are that property owners shall have notice, and that may be accomplished by the resolution or estimate of cost. (*City of Chicago* v. *Hulcatt, supra.*) No complaint is made that because the plans and specifications were made part of the resolution by reference, only, appellant had no information of how the proposed improvement was to be constructed, or of the material to be used and the estimated cost of its component parts. As we understand it, neither the resolution, nor the plans and specifications, nor the estimate of cost, provided for more than one catch-basin and inlet. The cost of the catch-basin is estimated at $8.50 and the inlet at $10. All the component parts of the improvement are itemized in the estimate, including the number of feet of straight cement concrete curb and marginal curb and the cost per foot of constructing them, and the specifications state the manner in which and the material of which the improvement is to be constructed. We think the court properly overruled this objection.

In view of what we have said as to the objection above, a discussion of the objection that the estimate was not properly itemized is unnecessary. The court properly ruled on that question.

Another objection is that the resolution was not adopted by the city council but was adopted by a body of men exercising the powers and duties of a board of local im-

ments. The city of Olney is under the commission form
of government. By the amendment in 1917 to section 23
of article 13 of the Cities and Villages act the board of
local improvements was abolished in cities under the com-
mission form of government and in such cities all powers
theretofore exercised by the board of local improvements
were conferred on the council. (*City of Chrisman* v. *Cu-
sick,* 290 Ill. 297.) At a meeting of the city council on
March 29, 1922, all members being present and voting aye,
a resolution was adopted that the city being under the com-
mission form of government, for the purpose of originat-
ing local improvements and taking all necessary steps there-
for the council assumed the exercise of the duties and pow-
ers of a board of local improvements, and that the mayor
should perform the duties of president of a board of local
improvements, and Henry Gassmann, a member of the
council, should perform the duties of secretary. The im-
provement was originated by the city council and all things
requiring its action were done by the council. All resolu-
tions and the ordinance were adopted by the council. It
is true, they recited the council was exercising the powers
and duties of a board of local improvements in performing
its acts, but that does not vitiate what the council did. The
council had the power to originate and carry on a proceed-
ing for a local improvement. In doing so the council was,
in fact, exercising the powers and duties exercised by a
board of local improvements before the amendment of 1917,
and the validity of its acts was unaffected by the statement
that it was exercising the powers and duties of a board of
local improvements. The statement was unnecessary but
did not affect the validity of their acts. In *People* v. *Kaul,*
302 Ill. 317, the circumstances were different. In that case
the resolution was adopted at a meeting of the board of
local improvements without a yea and nay vote and did
not purport to have been adopted by or at a meeting of the
council. The subsequent proceedings purported to be the

acts of the board of local improvements and not of the council. Here the proceedings purport to have been taken by the council,—not by a board of local improvements. The statement that the council, in so acting, was exercising the powers and duties of a board of local improvements was literally true and neither added to the validity of what the council did nor rendered its act invalid.

One of appellant's objections is that the estimate of cost prepared and submitted for the proposed improvement was not signed by the city engineer, as provided by law. The estimate in question was signed by Thomas Tippit, mayor of the city of Olney, "and exercising the powers and duties of a president of a board of local improvement." Appellant's contention is that the city had an engineer, who prepared the plans and specifications, made all the necessary surveys, did the engineering work in connection with the paving improvement, and that the estimate must be signed by him. The true state of facts shows a civil engineer named Wharf was employed by the commissioners under special contract to make the necessary surveys and do the engineering work connected with this special improvement. The city of Olney, as we have previously stated, is organized under the commission form of government and has never created the office of city engineer by ordinance. The statute unquestionably provides that an itemized written estimate of the cost of the improvement be prepared and submitted over the signature of the city engineer when there is such an officer of the city, but when there is not, the statute particularly provides, in cases of cities under commission form of government, "such estimate shall be over the signature of the public engineer, if there be one, of such city or village, if not, then over the signature of the mayor of such city or village, who shall certify that in his opinion, the said estimate does not exceed the probable cost of the improvement proposed and the lawful expenses attending

the same." (Smith's Stat. 1923, chap. 24, par. 708.) We think the estimate as submitted and certified to by the mayor is sufficient under the facts shown, so far as the objection mentioned is concerned.

Appellant's last objection is that the ordinance is invalid because it provides for the improvement by paving with one of four kinds of material, namely, asphaltic stone, asphaltic cement, plain asphalt, or brick; that the kind of material to be used was to be determined by the city council after bids had been received; hence it is claimed the ordinance does not prescribe the nature, character, locality and description of such improvement, as contemplated by the statute. The original resolution, original estimate, plans and specifications were of the same nature, describing each of the proposed methods, one of which was to be used in the paving work. The plans and specifications were full and complete in every detail as to the construction of either one of the four methods named. Nothing was left to cause any doubt or uncertainty about the quality of materials, dimensions or the manner of construction. The only question left to decide was which type of paving material to put down. We know of no authority which prevents bids being received on several kinds of paving work, where the purpose for so doing is to bring about fair and really effective competition among bidders for the construction of the improvement contemplated. Some discretion must be left to officials in charge of the work to be done. Most public officials who are honest and fair in their dealings on behalf of a municipality know that two kinds of competition are very desirable in obtaining bids for paving, namely, competition between different kinds of paving or those who are capable of laying the several kinds, and competition between bidders who are able to lay the same pavement. We do not think appellant's objection is well taken nor that the discretion given to the city council in the ordinance is

being extended too greatly. *City of Rockford* v. *Schultz,* 296 Ill. 254.

The objections were properly overruled, and the judgment of the county court is affirmed.

*Judgment affirmed.*

---

(Nos. 15560-15567.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* OTTO SEEFELDT *et al.* Plaintiffs in Error.

*Opinion filed December 19, 1923.*