(No. 15452.—Reversed and remanded.)
The City of Lewistown, Appellee, *vs.* Mary J. Baldwin
*et al.* Appellants.

*Opinion filed December 16, 1924.*

1. Special assessments—*when resolution and estimate do not
sufficiently describe curb for new pavement.* The resolution of the
board of local improvements and the engineer's estimate do not suf-
ficiently describe the marginal curbing and the combined curb and
gutter for a new pavement so as to enable a contractor to make
an intelligent bid or a property owner to know the character or
kind of the completed improvement, where it is not stated in either
of said documents of what materials or mixture the concrete of
the combined curb and gutter and base of the marginal curbing
is to consist.

2. Same—*resolution and estimate must disclose the nature and
character of improvement.* It is the province of the board of local
improvements to determine the nature, character and kind of im-
provement, and this information must be found in its resolution
or in the engineer's estimate adopted by it and made a part of the
resolution.

Appeal from the County Court of Fulton county; the
Hon. Hobart S. Boyd, Judge, presiding.

Marvin T. Robison, for appellants.

Lyle Thomas, City Attorney, and Glenn Ratcliff,
for appellee.

Per Curiam: This appeal is prosecuted to review a
judgment of the county court of Fulton county overruling
objections filed in a special assessment proceeding and con-
firming the assessment.

Appellants contend, first, that neither the resolution of
the board of local improvements nor the engineer's estimate
of probable cost furnishes the necessary information as to
the extent, nature, character and kind of improvement, as
required by sections 7 and 8 of the Local Improvement act,
in that the dimensions and style of the marginal curb and

the materials of which it is to be constructed are not stated. The original resolution does not mention the marginal curb. The engineer's estimate contains the following item: "232 lin. ft. of 3 in. x 12 in. oak marginal curbing complete in place, at $0.30 per lin. ft., $69.60," but there is no description of the style or use of this marginal curbing. In the paving specifications filed with and made a part of the ordinance we find the following description of the marginal curb: "Between the curb lines of an intersecting street or alley not paved, the concrete and pavement shall be finished against a white-oak plank three (3) inches thick, twelve (12) inches deep and of such length as to extend the full width of the roadway, the upper edge of the plank to be neatly adzed off to conform to the finished surface of the pavement. The marginal curb shall be set on a six (6) inch concrete base and shall be firmly set in place by a backing of concrete." There is nothing in the record to show when and by whom these specifications were prepared. If we consider them adopted by the board of local improvements as a part of its resolution, we are still unable to tell whether the engineer's estimate included the concrete base and backing, because it is not mentioned in the item quoted from the estimate. Nowhere in the record is there a description of this concrete base and backing. There is nothing to show of what the concrete is to consist or the proportion of the mixture. Without knowing the character and quality of materials to be used and the proportions in which they are to be used in constructing this concrete base and backing, and the dimensions of it, it would be impossible for an engineer to make an intelligent estimate, a contractor to make an intelligent bid, or a property owner to know the character or kind of the completed improvement.

Substantially the same objections are made with respect to the combined curb and gutter. The original resolution mentioned the combined curb and gutter but did not specify

the material to be used in its construction. The engineer's estimate made no reference to a combined curb and gutter but mentioned a concrete curb and gutter. The curb and gutter are not mentioned in any way in the paving specifications. There is nothing in the record to show what materials are to be used in building this curb and gutter or the proportion of the mixture to be used in making the concrete. The detail profile found in the record shows that the combined curb and gutter consists of two mixtures of different consistency. This profile indicates a wearing surface three-fourths of an inch thick on the curb and one inch thick on the gutter, of a consistency different from the bôdy, but nowhere is it shown what materials or what proportions of mixture are to be used in constructing the wearing surface or the body. It is a matter of common knowledge that the wearing surface of the ordinary concrete combined curb and gutter is a richer mixture than the body and that the coarse materials used in the body mixture are omitted from the mixture used in the wearing surface. The proportion of the mixture and the materials used therein would greatly affect the cost and the wearing qualities of a curb and gutter, and such information is necessary to afford the proper protection to property owners. (*City of Chicago* v. *Illinois Malleable Iron Co.* 293 Ill. 109.) It is the province of the board of local improvements to determine the nature, character and kind of the improvement, and this information must be found in its resolution or in the engineer's estimate adopted by it and made a part of the resolution. *City of Chicago* v. *Huleatt,* 276 Ill. 466.

The court erred in overruling the objections considered. There are other questions argued in the briefs, but our conclusion with respect to the objections considered makes it unnecessary to decide them.

The judgment is reversed and the cause is remanded to the county court of Fulton county.

*Reversed and remanded.*