(No. 32564.—

THE CITY OF MATTOON, Appellee, *vs.* JACOB STUMP *et al.,*
Appellants.

*Opinion filed March 23, 1953.*

HARRY I. HANNAH, of Mattoon, (JOSEPH P. SMITH, JR., of counsel,) for appellants.

RYAN & AUSTIN, and WILLIS P. RYAN, City Attorney, (ORVILLE F. SCHOCH, of counsel,) all of Mattoon, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is an appeal from a judgment of the city court of Mattoon confirming a special assessment for widening and paving a part of Broadway Avenue in that city. Objections were filed in the court below to the ordinance and all proceedings for this local improvement. After a hearing thereon objections were overruled, and the assessment roll was confirmed. The trial judge having certified that the validity of a municipal ordinance is involved and in his opinion the public interest requires an appeal to this court, and an appeal to this court being dictated by the Local Improvement Act, (Ill. Rev. Stat. 1951, chap. 24, par. 84-95,) the case comes here directly.

The first error assigned by appellants is that this local improvement was initiated, not by the board of local im-

provements as an act of its own, but purports to have been initiated by a petition of property owners, whereas no valid petition was presented. The evidence discloses that the petition here relied upon was one dated October 3, 1950, upon which the board and city council had previously acted in enacting another ordinance for this local improvement, to which ordinance objections were sustained, and further action was abandoned by the city. In *Vennum* v. *Village of Milford,* 202 Ill. 423, it was held that a petition, once presented and acted upon by passage of an ordinance later held invalid, could not be refiled as a basis for recommending another ordinance for the reason that the statute required that it be signed by the owners of at least one half of the property abutting the improvement, and ownership may have so changed in the interim that the petition no longer represented a majority of the property. That case does not control, as the statute no longer includes such a requirement but provides that the board may originate any local improvement either with or without a petition. (Ill. Rev. Stat. 1951, chap. 24, par. 84-7.) Hence the reason for inquiry into the validity of a petition no longer exists, and this assignment of error is not well taken by appellants.

It is next urged that notice of public hearing, as required by section 84-7 of the act, was not given to all property owners. The object of the statute is to enable persons to whom notice is addressed to be heard by the board of local improvements. The appellants do not contend that they did not receive notice nor that they were prevented from being heard at the public hearing. Not having suffered injury themselves, appellants cannot be heard to complain on this ground. The objection is untenable. *City of Mattoon* v. *Jennings,* 336 Ill. 93.

The third question raised by appellants in the lower court was that the first resolution adopted by the board of local improvements and the estimate made in reference

thereto do not clearly and sufficiently define and describe the extent, nature and character of the improvement. The law is well settled that under the Local Improvement Act, sections 84-7 and 84-8, in describing the improvement, "the extent, nature, kind and character" thereof and the estimated cost of such proposed improvement must appear from the resolution of the board and the estimate of cost. These requirements are for the benefit and protection of the owners of property to be assessed. They are jurisdictional and if the authorities do not comply with the statute in carrying out the preliminary steps no valid ordinance can be passed and consequently no valid assessment can be made. *City of Chicago* v. *Illinois Malleable Iron Co.* 293 Ill. 109; *City of Lewistown* v. *Baldwin,* 314 Ill. 564.

It is not necessary that the first resolution of the board of local improvements be as detailed as is required of the ordinance, but the improvement must be so described in said resolution that the property owner can obtain therefrom a general understanding of what is to be done, while in an ordinance the improvement must be specified in detail, and must be described with such particularity that a contract can be intelligently let for its construction and an assessment legally levied with which to obtain funds to construct it. (*Gage* v. *City of Chicago,* 225 Ill. 218.) However, it is necessary that the property owner have before him the character and kind of materials that enter into the improvement and the extent and estimated cost of the improvement, so that he may show, for instance, that the materials specified in the resolution and contained in the estimate, or either of them, are controlled by a monopoly, or that the estimate of quantity and the costs thereof are higher or greater than they should be, or that, taking into consideration the location and the purpose of the improvement, the stage of the improvement in the district along which it is to be made, and the uses to which it is to be

put, the cost of the improvement will exceed the benefits. *City of Chicago* v. *Illinois Malleable Iron Co.* 293 Ill. 109.

The description contained in the first resolution here is as follows: "Beginning at the West edge of 14th Street pavement crossing Broadway being Station 10 + 18.5 and extending West on Broadway Avenue to the East edge of the 19th Street pavement being station 28 + 94.1 omitting therefrom the subway bridge being Station 23 + 92.6 to station 25 + 40.0, said improvement to be widening of existing pavement on Broadway Avenue 9.6 feet on each side with Portland Cement Concrete pavement 8 inches uniform thickness and combination concrete curb and gutter and necessary drainage and sidewalk installations, completed width 74 feet face to face of curbs."

The so-called "stations" referred to above, and others referred to in the estimate can only be identified through recourse to certain plats, plans and profiles of the proposed improvement which are made a part of the ordinance subsequently passed. These documents appear as part of this record, but a review of the record discloses they are not referred to or made a part of the first resolution and estimate. Nowhere are the ingredients of the concrete described in even the most abbreviated form. While the thickness of the sidewalk is given in the estimate, its width is nowhere specified. The nature of the materials to be used in the entire construction is nowhere specified in this resolution or estimate, except that Portland cement be used. Certain unexplained abbreviations appear in the estimate: Manholes are to be equipped with "Ty. 1 Frame"; storm sewers are to be "Ty. 1-8"; four items described as "C.B. Ty. C," are estimated; combination curb and gutter "Ty. 3," and certain "Class X Concrete," all without explanation, together with special excavation, trench backfill and other unexplained and unidentified items, appear in the estimate. From the foregoing it is clearly evident that the proposed

improvement is so incompletely described in the resolution and estimate that a property owner could not possibly be so informed as to the extent, nature, kind and character thereof as to offer objections with any degree of intelligence. The statute and cases require much more than that. *City of Chicago* v. *Illinois Malleable Iron Co.* 293 Ill. 109; *City of Lewistown* v. *Baldwin,* 314 Ill. 564; *City of Hoopeston* v. *Smith,* 272 Ill. 604; *City of Chicago* v. *Huleatt,* 276 Ill. 466; *City of Alton* v. *Roller,* 305 Ill. 575; *City of Harvard* v. *Roach,* 314 Ill. 424; *City of Bloomington* v. *Davis,* 309 Ill. 20; *Doran* v. *City of Murphysboro,* 225 Ill. 514; and *Illinois Central Railroad Co.* v. *City of Effingham,* 172 Ill. 607.

Appellee contends that any insufficiencies of description in the first resolution are corrected by the plans, plats, profiles and specifications. Some question arises as to whether such documents were actually in existence at the time the first resolution was adopted by the board. The minutes of the board of local improvements for its meeting on January 2, 1952, recite, immediately following the transcription of the original resolution, that "Attached thereto was a copy of the estimate of cost of construction of the proposed improvement of Broadway Avenue from 14th Street to 19th Street by widening, curbing, paving, etc. Local Improvement No. 52-2, which is an exact copy of the estimate set forth above in detail and also attached was a booklet containing detailed specifications in reference to the project and also attached was a complete set of plans, plats, drawings and profiles covering the proposed improvement." Nevertheless, the notice of public hearing, which was necessarily drawn and served upon the property owners subsequent to the passage of the first resolution, recites that "the whole improvement is to conform to proper grades and specifications *to be established* in an Ordinance *to be provided* for the construction of said improvement; * * *." (Emphasis added.)

Truly a reference to the plats, plans, profiles and specifications for this improvement, if the same were in existence at the time of the passage of the first resolution, could clear the atmosphere and obviate the incompleteness of this first resolution, had reference been made thereto within the resolution, since we have held that detailed plans and specifications can cure any uncertainties existing in the description afforded by the resolution and estimate. (*City of Olney* v. *Baker,* 310 Ill. 433.) However, in the case cited, the resolution, after describing the proposed improvement with considerable detail, expressly provided the improvement was to be constructed in accordance with the detailed plans and specifications which the council (acting as board of local improvements under commission form of city government) had caused to be prepared and which were made part of it by express reference. They effectually informed the property owners of the details of the construction of the improvement and the materials to be used as if recopied in the resolution. It was, therefore, not necessary to copy the profiles, plans and specifications into the resolution because they were referred to in the first resolution and were actually in existence. However, neither the resolution nor the estimate in this case sets forth a description of the improvement in any manner approaching detail, and nowhere is any reference made to plans, profiles or specifications prepared by the board. Therefore, in considering the sufficiency of the resolution and estimate in the instant case, no consideration can be given to the plans, profiles or specifications which may or may not have been later prepared by the board, as no reference either in the resolution or estimate is made to them. Hence the *Olney case* has no application here.

The proceeding under the Local Improvement Act is a statutory proceeding and every step provided for the proceeding prior to the passage of the ordinance must be strictly complied with subject to such qualifications as may be con-

tained within the act. These statutory requisites are plain and reasonable. Failure to comply with them cannot be excused. (*Bickerdike* v. *City of Chicago,* 203 Ill. 636; *City of Chicago* v. *Galt,* 225 Ill. 368.) The cumulative effect of all the omissions and incompletions discussed above make it apparent here that the first resolution and the estimate of this improvement do not sufficiently describe the nature, extent, kind and character of the improvement as required by statute. Such failure constitutes, therefore, reversible error, and the court erred in not sustaining the objections of appellants relating thereto.

Other assignments of error are presented for our consideration, many of which we feel may have considerable merit. However, due to the reversible error already discovered and discussed, and prompted by the inadequacy of the submitted abstract, we are not inclined, nor is it necessary, to pass on these other assignments.

The judgment of the city court of Mattoon is reversed and the cause remanded.

*Reversed and remanded.*