(No. 13649.—Judgment reversed.)

THE CITY OF DIXON, Appellee, *vs.* GEORGE R. ATKINS, Appellant.

*Opinion filed June 22, 1921.*

1. SPECIAL ASSESSMENTS—*council in cities under the commission form must originate a scheme for local improvements.* Since the amendment of 1917 to section 23 of article 13 of the Cities and Villages act, providing for the commission form of government, the board of local improvements is eliminated and the powers and duties previously exercised by said board are conferred upon the city council, and under the commission form the council must originate the scheme for local improvements.

2. SAME—*certificate and estimate must be signed by same officer under section 10 of Local Improvement act.* Under section 10 of the Local Improvement act the certificate that the estimate of the cost of the improvement does not exceed the probable cost must be signed by the same officer or officers who sign the estimate, and the statute is not complied with when the estimate is signed by the public engineer or the civil engineer and is certified by the mayor and the members of the city council in cities under the com-

mission form or by the president of the board of local improvements in other cities.

3. SAME—*statutory requirement as to making and certifying estimate of cost is mandatory and jurisdictional.* The requirement of section 10 of the Local Improvement act as to making and certifying the estimate of the cost of an improvement is mandatory and jurisdictional, and unless the statute is complied with the improvement ordinance and other preliminary steps are void.

APPEAL from the County Court of Lee county; the Hon. JOHN B. CRABTREE, Judge, presiding.

H. A. BROOKS, for appellant.

ROBERT H. SCOTT, City Attorney, and MARK C. KELLER, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

George R. Atkins, appellant, filed his objections to the application of the city of Dixon, appellee, to the county court of Lee county for the confirmation of a special assessment against his land upon a street proposed to be improved by appellee by the construction of a cement concrete pavement and catch-basins. One of the objections filed by appellant was that the court was without jurisdiction because the ordinance authorizing the pavement is void because the city engineer of the city of Dixon, who prepared the estimated cost of the improvement, did not attach a certificate that in his opinion the estimate of cost prepared by him does not and will not exceed the probable cost of the proposed improvement. A hearing was had on this and other objections of appellant. The objections were overruled and judgment of confirmation of the assessment roll and an order assessing the land of appellant in the sum of $1622.83, to be paid in ten annual installments, were entered by the court. Appellant excepted and has prosecuted his appeal to this court.

It appears from the record that the city of Dixon is under the commission form of government. It positively

appears from the testimony of the city clerk that the mayor and members of the city council of Dixon appointed C. F. Nesbit civil engineer to make the estimate of cost of the improvement under the ordinance in question and paid him as compensation therefor $6 per day. The itemized estimate of the cost of this improvement, aggregating the sum of $36,407.92, as appears from the record, is shown to have been made and signed by "Charles F. Nesbit, Civil Engineer." Just below the signature to this instrument there appear two certificates that the cost of the proceedings would not exceed the estimate and lawful expenses. The first one is signed by "Mark D. Smith, President of the Board of Local Improvements of the city of Dixon, Illinois." The second certificate, following the first, is signed by Mark D. Smith, mayor, and by each of the four members of the city council, as "Council of the city of Dixon, Illinois."

Section 10 of the Local Improvement act provides, in substance, that the estimate of costs of an improvement shall be itemized over the signature of the engineer of the board of local improvements, if there be one; if not, then over the signature of the president of the board. The section further provides that the certificate aforesaid shall also be signed by the engineer of the board, if there be one; if not, then by the president of the board. Since the amendment of 1917 to section 23 of article 13 of the Cities and Villages act, providing for the commission form of government, the board of local improvements is eliminated and the powers and duties previously exercised by said board are conferred upon the city council, and in cities under the commission form of government the council must now originate the scheme for the local improvements. (*City of Chrisman* v. *Cusick,* 290 Ill. 297.) The estimate of cost in a city under the commission form of government is now required to be signed by the public engineer of the city, if it has one, and if not, by the city council, which includes

the mayor. The certificate as to probable cost must by the provisions of section 10 of the Local Improvement act be signed by the same officer or officers who make the estimate. Section 3 of the act provides that in cities having a population of less than 50,000, and in villages and incorporated towns, the city council or board of trustees may, in their discretion, provide by ordinance that the mayor or president shall appoint and designate a superintendent of streets and a public engineer, which offices may be discontinued by ordinance. If the appellee had such an officer as public engineer he should have both made and certified the estimate in question as provided by section 10, and if it had no such officer the city council should have made and certified such estimate. The requirement of the act as to making and certifying the estimate is mandatory and jurisdictional, and unless it is complied with the ordinance based upon it and other preliminary steps are void. (*Village of Lovington* v. *Gregory,* 287 Ill. 169; *City of Chicago Heights* v. *Angus,* 267 id. 628.) The statute is not complied with when the estimate is signed by the public engineer or the civil engineer and certified by the mayor and the members of the city council as city council or by the president of the board of local improvements.

It is contended by appellee that the estimate signed by Nesbit was, in fact, the estimate of the mayor and the city council. If such evidence was permissible it cannot avail appellee as the estimate is not signed by the city council.

It is also contended by appellee that it has no ordinance authorizing the mayor to appoint a public engineer and that there is no such officer of appellee. If this be true and if appellee be permitted to deny that Nesbit was its public engineer it only shows that the estimate should have been made and certified by the city council and cannot avail appellee for the reason just stated.

Under these last contentions made by appellee, appellant's third objection should have been sustained: "That

there is no estimate of cost in the proceeding certified to in the manner and by the person required by section 10 of the Local Improvement act." Appellant was entitled to rely upon the fact that Nesbit was the engineer of appellee. The court should have sustained his objections.

The order and judgment of the court are reversed.

*Judgment reversed.*