(No. 15825.—Reversed and remanded.)

THE CITY OF CENTRALIA, Appellant, *vs.* EVA KNOWLTON *et al.* Appellees.

*Opinion filed February 19, 1924.*

1. SPECIAL ASSESSMENTS—*when improvement must be held to have originated in city council—commission form.* Although the city council of a city of less than 50,000, under the commission form of government, in providing for a local improvement acted on the proposition after adjourning as a council and re-convening immediately to exercise the "powers formerly had, possessed and exercised by the board of local improvements," as recited in the clerk's minutes, and although the minutes of the session are made by the clerk to appear under the heading "Board of Local Improvements," the improvement must be held to have originated with the council, as required by the amendment of 1917 to the Commission Form of Government act. (*People* v. *Kaul,* 302 Ill. 317, distinguished.)

2. SAME—*purpose of amendment of 1917 to Commission Form of Government act.* The purpose of the legislature in the amendment of 1917 to the Commission Form of Government act, in effect abolishing the board of local improvements in cities of less than 50,000, was to authorize the city council to act and function as a board of local improvements without organizing as a distinct body.

3. SAME—*improvements must originate with the council in cities under the commission form.* Under the amendment of 1917 to the Commission Form of Government act, local improvements in cities of less than 50,000 which are under the commission form of government must originate in and be carried forward by the city council.

APPEAL from the County Court of Marion county; the Hon. W. G. WILSON, Judge, presiding.

L. H. JONAS, (FRANK F. NOLEMAN, JUNE C. SMITH, and ANDREW J. DALLSTREAM, of counsel,) for appellant.

CHARLES H. HOLT, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

The city of Centralia, a city of less than 50,000 population, operating under the Commission Form of Government act, filed its petition in the county court for the confirmation of an ordinance and assessment roll providing for an improvement known as the Northwest Drainage District. A number of persons owning property within the proposed district filed objections. By statement of counsel in open court the objectors waived all legal objections except those relating to the description of the improvement and the district and those relating to the capacity in which the city council acted at the time it took the various steps in providing for the improvement. Of the first class of objections it was agreed that the only ones remaining for the consideration of the court were the sixth, tenth, eleventh, twelfth and thirteenth. Those relating to the manner in which the city council acted in providing for the improve-

ment were the second and third objections filed. The sixth, tenth, eleventh, twelfth and thirteenth objections were, on hearing, overruled by the court. The second and third objections,—*i. e.,* those relating to the capacity in which the city council acted,—were sustained and the petition for the improvement was dismissed. The city has appealed, and assigns error on the ruling of the court sustaining the second and third objections.

Counsel for the objectors, although bringing no question to this court for review, has argued that the court erred in overruling their sixth, tenth, eleventh, twelfth and thirteenth objections, relating to the description of the improvement and the district. As such questions are not before us they will not be considered.

The question in the record here arises on the second and third objections, which are, that the ordinance authorizing the improvement was passed and all preliminary steps taken prior thereto were taken by the city council while acting as a board of local improvements, and the argument is that under the 1917 amendment to the Commission Form of Government act the board of local improvements was abolished in cities of less than 50,000 population operating under the act and all the powers exercised by such board were directed to be exercised by the city council, and that in this case the city council illegally acted as a board of local improvements.

The Commission Form of Government act was passed by the General Assembly in 1910. (Laws of 1910, p. 12.) In 1913 the act concerning powers conferred upon the city council under the Commission Form of Government act was amended. By that amendment the council was given powers and duties theretofore had and possessed by the mayor, city council, president of the board of trustees, etc., including all executive, legislative or administrative officers in cities and villages incorporated under the general law, except the board of local improvements, which was required

to remain a separate and distinct body, with all the powers given to such a board under the Local Improvement act. In 1915 the legislature again amended the Commission Form of Government act regarding the power of the city council and the board of local improvements. By this amendment it was provided that in cities of a population of less than 50,000 operating under the commission form of government the council may provide, by ordinance, that the board of local improvements shall consist of the mayor and any two or more commissioners, regardless of whether there is a public engineer and superintendent of streets provided by ordinance. (Laws of 1915, p. 286.) This act was again amended in 1917. By this amendment it was provided as follows: "The council shall have and possess, and the council and its members shall exercise all executive and legislative powers and duties now had, possessed and exercised by the mayor, * * * and the council shall have and possess and the council and its members shall exercise all executive and legislative powers and duties now had, possessed and exercised by the board of local improvements, provided for in and by an act entitled, 'An act concerning local improvements,' approved June 14, 1897, in force July 1, 1897, and all acts amendatory thereto and in all such cities and villages that shall hereafter adopt this act, or that shall have heretofore adopted this act, in enforcing said act, concerning local improvements, herein set out, the person who spreads assessments shall be selected in each case by a majority vote of said council and its members, and all local improvements, contracts and bonds or warrants issued in pursuance thereof, or either of them, may and shall be signed by the mayor or by any three members of the council." (Laws of 1917, p. 284.)

The minute book of the proceedings of the city council as kept by the city clerk shows the following mode of procedure by that body: Under the heading "Regular Session"

the minutes of the transaction of the city's business other than matters of local improvement were noted. Thereafter a minute of the following motion is made: "That the council adjourn and re-convene immediately thereafter to exercise the executive and legislative powers formerly had, possessed and exercised by the board of local improvements." The minutes then show the adoption of the motion by a yea and nay vote. Thereafter appear notes under the heading "Board of Local Improvements," followed by minutes of the business transacted in connection with the matters of local improvements. All action appears to have been taken on yea and nay vote, and at the close of such minutes appears a record of a written motion "that the council, acting in capacity of and exercising and discharging the powers and duties of a board of local improvements, adjourn," etc., which motion is shown to have been carried by a yea and nay vote. This is characteristic of the minutes entered on all occasions. There is no evidence, as we view the record, that the city council was acting in any other capacity than that of the city council. The motion to adjourn the city council and to re-convene was a motion to adjourn and re-convene that body not as a board of local improvements but as the city council. The language "adjourn and re-convene immediately thereafter to exercise the executive and legislative powers formerly had, possessed and exercised by the board of local improvements," shows plainly that it was the city council acting and exercising the powers formerly had and exercised by the board of local improvements. It will be noted, also, that in the adjournment, after consideration of matters pertaining to local improvements, the language was that "the council, acting in the capacity of and exercising and discharging the powers and duties of a board of local improvements," adjourn. This is in accordance with the provisions of the statute as amended in 1917. There is nothing in the record of the minutes of the city council showing any attempt to act in

the capacity of a board of local improvements, but they plainly show that the city council was exercising the powers theretofore had by such a board.

Stress is laid upon the fact that the minutes of the clerk show the meetings of the board as being under the heading "Regular Session" and "Board of Local Improvements." The fact that the clerk may have used the words "Board of Local Improvements" as a heading to the minutes of the council when acting on improvement matters does not indicate anything more than a matter of convenience on his part in locating the minutes of the council that have to do with local improvements. The minutes themselves and the action of the city council plainly and specifically show that it was acting as a city council and not as a board of local improvements. The fact that it is recited in the clerk's minutes that the council was exercising the powers and duties formerly exercised by a board of local improvements does not tend to show that it was acting as such board. *City of Olney* v. *Baker,* 310 Ill. 433.

The purpose of the legislature in the amendment of 1917 was to authorize the city council to act and function as a board of local improvements without organizing as a distinct body. The amendment of 1917 to the Commission Form of Government act eliminated the board of local improvements and conferred upon the city council in cities of less than 50,000 population under the commission form of government the powers and duties previously exercised by such board. Under that act schemes for local improvements were required to originate in and be carried forward by the city council. *City of Dixon* v. *Atkins,* 298 Ill. 494; *City of Chrisman* v. *Cusick,* 290 id. 297.

Appellees rely upon *People* v. *Kaul,* 302 Ill. 317. In that case it appears not to have been doubted or questioned that the improvement there in question, with its preliminary steps and ordinances, originated with those styling themselves a board of local improvements. It was argued

that the persons acting as the board were the members of the village council and that the work was done by persons designated by law to do it; that while they style themselves the board of local improvements, such was a mere irregularity. The record in that case, however, showed that all the meetings and proceedings were as of a board of local improvements, and all proceedings except the final passing of the ordinance were certified by the village clerk as of such a board. A resolution that the improvement be made was adopted without a yea and nay vote at what purported to be a meeting of the board of local improvements. In cities under the commission form of government the yea and nay vote must be taken upon each resolution or motion. (Cahill's Stat. 1923, chap. 24, sec. 344.) The estimate of costs was submitted as by a board of local improvements and was signed by Kaul as president of the board of local improvements, and the opinion holds that this is sufficient to establish that the persons acting considered themselves to be a board of local improvements and were acting as such and not the city council. Such is not the record in this case. As we have seen, every action taken in connection with the improvement in question shows that it was taken by the city council exercising the powers formerly had by a board of local improvements. This being true, the fact that the clerk may have kept minutes of local improvement matters separate from other business of the council in nowise tends to prove that the city council was acting as a board of local improvements.

It was error, therefore, to sustain the second and third objections to this improvement. For this error the judgment of the county court is reversed and the cause remanded to that court, with directions to overrule said objections.

*Reversed and remanded, with directions.*